[No. 33180.   Department Two.   March 7, 1955.]

S. BESSELMAN, *Plaintiff*, v. THE CITY OF MOSES LAKE, *Defendant and Relator*, THE SUPERIOR COURT FOR GRANT COUNTY, *Max Church, Judge, Respondent.*[1]

*Cunningham, Ries & Kenison,* for relator.
*Moberg & Calbom,* for plaintiff.

HILL, J.—S. Besselman seeks to compel the city of Moses Lake to rezone three lots with state highway frontage from

[1]Reported in 280 P. (2d) 689.

R-2 (residential) to M-1 (industrial). This the city in effect refuses to do unless Besselman will at his expense provide certain drainage or give the city an easement for a drainage ditch across one of his lots.

If, as the city contends, Besselman has created a drainage problem and a nuisance by filling his lots, the city is not without a remedy. That it can condemn an easement for a drainage ditch seems to be unquestioned.

The city's effort to make the remedy of the drainage problem a condition precedent to the exercise of its power and authority to rezone certain lots, while a practical way of accomplishing the desired result (if the property owner is of a mind to bargain and wants the rezoning badly enough to meet the city's demands), is not to be commended. The ethical overtones of the city's procedure are not our present concern. There can, however, be no question but that the trial court was correct in its statement that, in demanding such a consideration for the rezoning, the position of the city was "arbitrary, coercive, and *ultra vires*," but no official action of the city is before us for review. This is not the case of a rezoning ordinance with a condition attached thereto which could be attacked as unlawful or *ultra vires,* but an unofficial refusal (and a failure by the city council) to pass an ordinance rezoning the lots in question. It is this inaction of the city of which Besselman complains.

The city council cannot be compelled to pass a rezoning ordinance, however fair, reasonable, and desirable it may be, as that represents an exercise of legislative discretion. *State ex rel. Ogden v. Bellevue* (1954), 45 Wn. (2d) 492, 275 P. (2d) 899.

The familiar principle of the division of powers is decisive of the case, and we cannot direct the city council of Moses Lake how to exercise its legislative discretion. The judgment heretofore entered directing the city council to grant the petition of S. Besselman for the rezoning of his three lots must be reversed, and the writ of review heretofore issued by the superior court of Grant county on which this proceeding was predicated should be quashed.

DONWORTH, MALLERY, WEAVER, and ROSELLINI, JJ., concur.