THE STATE NATIONAL BANK OF CONNECTICUT ET AL.
*v.* PLANNING AND ZONING COMMISSION OF THE
TOWN OF TRUMBULL

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

Argued January 3—decided January 30, 1968

*Aaron A. Levine,* for the appellant (defendant).

*Austin K. Wolf,* with whom was *Lawrence P. Weisman,* for the appellees (plaintiffs).

COTTER, J. This is an appeal by the defendant, the Trumbull planning and zoning commission, from a judgment of the Court of Common Pleas sustaining the plaintiffs' appeal from the action of the commission in denying an application of the plaintiff bank for a change of zone of a parcel of land from residence A to commercial B-C. The other plaintiffs are the owners of the land but did not join in the application for the change.

The property in question is a triangular parcel of land, 3 1/6 acres in area, bounded on its three sides by public streets. The plaintiff bank, as conditional lessee of the property, made the application for the zonal reclassification so that it could erect a commercial banking facility on the land.

Originally, in 1957, this parcel of land was a part of a larger tract which was the subject of an application by its then owner, Peter Hardy, for a change of zone to permit the erection of a shopping center. That application was denied without prejudice to the right to submit another petition conforming more closely to the master plan of development. He made a second application the same year similarly to rezone the property except that the triangular piece in question in the present case and a portion of land to provide for a buffer zone were not included. The application to reclassify that land from residence A-2 to commercial B-C was approved by the zoning commission, and the 3 1/6 acres involved here remained in the residence A-2 zone. We found no error in the judgment of the Court of Common Pleas, which affirmed the action of the Trumbull zoning commission. *Tarasovic* v. *Zoning Commission*, 147 Conn. 65, 157 A.2d 103.

The plaintiffs maintain that the Court of Common Pleas was correct in sustaining their appeal in the case before us, claiming that the defendant commission acted illegally, arbitrarily and in abuse of its discretion in denying the application to rezone the land in question because a commercial B-C zone represents the highest and best use to which the property can be put; that the property is unsuited for residential development; and that the reasons given for denying the request for a change of zone are invalid.

The "highest and best use" concept, chiefly employed as a starting point in estimating the value of real estate by appraisers, has to do with the use which will most likely produce the highest market value, greatest financial return, or the most profit from the use of a particular piece of real estate.

The commission is not compelled to reclassify a parcel of land into another zone merely because in so doing the applicant would be in a position to receive a greater monetary value for the land under its new classification. The maximum possible enrichment of a property owner is not a controlling purpose of zoning. *Corsino* v. *Grover,* 148 Conn. 299, 311, 170 A.2d 267. Zoning is defined "as a general plan to control and direct the use and development of property in a municipality or a large part of it by dividing it into districts according to the present and potential use of the properties." *State ex rel. Spiros* v. *Payne,* 131 Conn. 647, 652, 41 A.2d 908. Zoning regulations are made "with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout . . . [the] municipality." General Statutes § 8-2. The town of Trumbull adopted such a zoning plan, known as a comprehensive plan, which has been in existence for many years and which included the property in question in a residence A zone. There is nothing in the record which shows that comprehensive plan of zoning to be improper or illegal.

The property which we are considering is in a residence A zone, which limits the use of the land to the erection of one-family houses on lots having a street frontage of 125 feet and an area of 21,780 square feet or half an acre. The land across the street to the south is the site of the shopping center which was the subject of the appeal in the *Tarasovic* case, supra, and which is in a commercial B-C zone. The land across the street to the west is occupied by the town hall. There are one-family houses in a residence A zone across the street to the north and east of the subject property.

There appears to be reasonable justification for the action of the commission in not disturbing the residential zonal classification of the land in question, having in mind the preservation of the residential characteristics of the properties to the north and east and the attempt to prevent intrusion of business and commercial uses from the south.

The plaintiffs' claim of unsuitability appears to be two-pronged. One reason advanced is that, because the 3 1/6 acres have remained residentially undeveloped for many years, the parcel is unsuitable for residential development. Second, although theoretically the property could be subdivided into six half-acre building lots, three lots would necessarily face the floodlit front of the shopping center and its parking area to the south, and therefore it would be difficult to imagine a less suitable use for the property than for residential purposes. The mere fact that the inclusion of the property in a residence zone rather than in a commercial zone might make its use unsuitable is not of controlling significance under the facts of the present case. The commission need only act in a reasonable manner and in accordance with a comprehensive plan which serves the public interest in the zoning development of the community. *Kimball* v. *Court of Common Council*, 148 Conn. 97, 102, 167 A.2d 706.

The commission gave reasons for the denial of the application for a zonal reclassification although it is only required to do so whenever it makes a change in the zoning regulations or the boundaries of a zoning district. General Statutes § 8-3; *Hall* v. *Planning & Zoning Board*, 153 Conn. 574, 576, 219 A.2d 445. Although the plaintiffs question the validity of the reasons given by the commission for

its action, the record fully supports the course it took. Only one of the reasons under attack by the plaintiffs merits discussion, and this is the statement that the parcel "would not conform to the Plan of Development for Town which indicates this triangle for use as a Civic Center. The Public Facilities Plan recommends that town offices should be grouped together in a central location, and this area affords contiguous land for a Town Hall annex."

The plaintiffs state their position in the following way: "[B]y continuing to reserve the property for possible future use as a Civic Center and by assigning this as a reason for denying a change of zone and thereby precluding its being put to its highest and best use, the Town is, in effect, taking the property without due process of law in violation of the owners' rights under the Fifth and Fourteenth Amendments to the United States Constitution, and without just compensation, in violation of Article One, Section Eleven of the Connecticut Constitution."

The classification of the property in a residence A zone and its recommended use in a plan of development for a civic center, which is not a zonal classification adopted by the zoning commission, do not constitute a taking without due process of law or a taking of property for public use without compensation. In reality, under the particular circumstances of the present case, it was not a taking at all since the property as presently zoned may be used for residential purposes. The plaintiff bank, the only applicant before the commission requesting a change of zone, was, not the owner of the property, but a conditional lessee, and it planned to use only a portion of the land for its purposes if the

change of zone was allowed. The record fails to disclose how there has been an unreasonable deprivation or a constitutional invasion of any vested property rights of the bank.

This is not a situation in which the plaintiffs had attempted to use or develop the property within the zonal classification prescribed and were prevented from doing so because the town had reserved or set the property aside for its own future use without offering compensation to the owner. If that was the case, the plaintiffs would certainly be entitled to relief from the courts. The recommendation in the plan of development, pursuant to General Statutes § 8-23, designating appropriate uses for various areas in the town is merely advisory and does not bind the zoning commission. *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 473, 226 A.2d 509. The use is determined by the comprehensive plan, which consists of the regulations themselves and the zoning map. Its designation for residential use, even though the value of the parcel would be enhanced if it could be used for business purposes because it is favorably situated for that use and is in a neighborhood which is in the course of rapidly developing commercial uses, is not repugnant to the due process of law and equal protection clauses of the fourteenth amendment of the United States constitution. *Zahn* v. *Board of Public Works,* 274 U.S. 325, 327, 47 S. Ct. 594, 71 L. Ed. 1074; *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 271, 272, 205 A.2d 774.

Upon the record, the classification itself cannot be said to be unconstitutional. In the light most favorable to the plaintiffs, the most which can be said is that the determination of the commission to

leave the zonal classification of the property unchanged was fairly debatable so as not to be unreasonable, arbitrary and in abuse of the commission's discretion. The primary duty and responsibility for establishing a zoning classification is with the zoning commission. The United States Supreme Court has held in a similar case, in interpreting the question of due process under the United States constitution, that it will not substitute its judgment for that of a zoning body, which is legislative in nature. *Euclid* v. *Ambler Realty Co.*, 272 U.S. 365, 388, 395, 47 S. Ct. 114, 71 L. Ed. 303; *Gorieb* v. *Fox*, 274 U.S. 603, 608, 47 S. Ct. 675, 71 L. Ed. 1228; see *Kutcher* v. *Town Planning Commission*, 138 Conn. 705, 709, 88 A.2d 538.

The present case does not present a situation where the application of zoning to a particular piece of property practically destroys its value for any permitted use to which it can reasonably be put so as to render the zoning regulation confiscatory or arbitrary, as found in such cases as *Dooley* v. *Town Plan & Zoning Commission*, 151 Conn. 304, 197 A.2d 770, *Suffield Heights Corporation* v. *Town Planning Commission*, 144 Conn. 425, 133 A.2d 612, and *Del Buono* v. *Board of Zoning Appeals*, 143 Conn. 673, 124 A.2d 915.

The action of the commission in denying the application for a change and leaving the property in its previous classification was based on reasonable grounds and cannot be said to be arbitrary or confiscatory. *Zygmont* v. *Planning & Zoning Commission*, 152 Conn. 550, 556, 210 A.2d 172.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.