HELEN V. CASCIO ET AL. *v.* TOWN COUNCIL OF THE TOWN OF WEST HARTFORD

ALCORN, HOUSE, COTTER, THIM and DANNEHY, Js.

Argued March 6—decided April 1, 1969

*Peter B. Sullivan,* for the appellants (plaintiffs).

*Samuel S. Goldstein,* corporation counsel, for the appellee (defendant).

COTTER, J. This is an appeal by the plaintiffs from a judgment of the Court of Common Pleas dismissing their appeal from the action of the defendant, the town council of West Hartford, in denying their application (1) for a change of zone of a parcel of land from residence AA to residence G and (2) for a change of zone for the same parcel from the residence G district to a special development district under § 17.1.24 of the West Hartford zoning regulations.[1]

The plaintiffs Helen V. Cascio and Edward S. Rogin are the owners of two parcels of land which comprise approximately 13.2 acres for which the change is requested, and the plaintiff Maurice Greenberg, trustee, holds an option or bond for deed on both parcels of land. The land is in a residence AA district, in which the construction of single-family houses only is permitted. The zoning regulations of the town of West Hartford provide for three classes of multifamily or apartment districts: residence D-1, allowing one apartment unit per 1000

---

[1] The town of West Hartford adopted new zoning regulations on July 26, 1968. The decision is concerned only with those regulations in effect prior thereto.

square feet of land area; residence D-2, allowing one apartment unit per 2000 square feet of land area; and residence G, allowing one apartment unit per 3000 square feet of land area. A zonal change to residence G only would limit the development of the proposed project to buildings of two stories in height and twenty-four families per building, but the additional approval of a change to a special development district would permit construction of three-story buildings with thirty-two units per building.

The application for the two-step change of zone made by the plaintiffs, if approved, would have permitted the construction of 192 apartment units in six three-story buildings with 288 parking spaces. Such approval would have allowed a use of the property resulting in a greater density than would otherwise have been permitted in a residence AA district. The town council held a public hearing on the application on June 28, 1965, and subsequently, on July 9, the town plan and zoning commission filed with the town council its recommendation that the application be approved. Thereafter, on July 27, the town council voted to disapprove the application. The town council is in effect the zoning commission of West Hartford. *Morama Corporation* v. *Town Council,* 146 Conn. 588, 590, 153 A.2d 431.

The tract in question is within a restricted residential zone in accordance with the comprehensive plan of West Hartford. No attack is made on the existing comprehensive plan as such. There is only a request to reclassify the parcel of land in question into another zone which would result in increasing the use density of the area involved. Only in cases where a zoning authority has acted arbitrarily or illegally will courts reverse the reclassification dis-

approval of a local legislative zoning body, which is endowed with a broad, liberal discretion in determining the public need and the means of meeting it. *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 478, 226 A.2d 509. Where the authority in such a case has refused to downgrade the zonal classification, this is especially true. *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 698, 220 A.2d 274; *Besselman* v. *Moses Lake,* 46 Wash. 2d 279, 280, 280 P.2d 689; 1 Yokley, Zoning Law and Practice (3d Ed.) § 7-7, p. 331; 1 Rathkopf, Zoning and Planning (3d Ed.) p. 5-1 (1967 Cum. Sup., p. 48). Only under certain circumstances, where the classification is found to be unjust, confiscatory or unconstitutional and the reasons for such a change are unusual and compelling, will the courts reverse the authority's refusal to grant an application for a change of zone on the ground that the existing classification is found to be unjustified. *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 311, 197 A.2d 770; *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 429, 133 A.2d 612; *Del Buono* v. *Board of Zoning Appeals,* 143 Conn. 673, 678, 124 A.2d 915.

The recommendations contained in a development plan for West Hartford are advisory only; West Hartford Charter, c. 13 § 5 (1959); 28 Spec. Laws 766 § 5; *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 76, 167 A.2d 454; and the town plan and zoning commission of West Hartford only has advisory powers. 19 Spec. Laws 935 § 6; West Hartford Charter, c. 13 § 4 (1959); 28 Spec. Laws 766 § 4; *Sullivan* v. *Town Council,* 143 Conn. 280, 288, 121 A.2d 630. The town council acts in a legislative capacity in passing on amendments to the zoning regulations; *Malafronte* v. *Planning & Zoning*

*Board,* 155 Conn. 205, 208, 209, 230 A.2d 606; and is not required to give reasons for denying an application for a change of zone. West Hartford Charter, c. 12 § 5 (1959); 28 Spec. Laws 760 § 5; cf. General Statutes § 8-3; *Hall* v. *Planning & Zoning Board,* 153 Conn. 574, 576, 219 A.2d 445.

The record discloses, inter alia, that there was opposition by adjoining homeowners to the application; that the area is suitable for the construction of single-family residences; that the land is not suited for 192 apartment units; that the parcel in question is suited for apartments and ultimately should be so zoned but not at this time; and that approval of the zone change would create a traffic hazard which would violate one of the expressly stated purposes of the West Hartford zoning regulations, which is to "lessen congestion in the streets." West Hartford Charter, c. 12 § 3 (1959); 28 Spec. Laws 760 § 3.

The action of the council in denying the application for a change and in leaving the property in its previous classification was based on reasonable grounds and cannot be said to be illegal, arbitrary and in abuse of discretion. *State National Bank* v. *Planning & Zoning Commission,* 156 Conn. 99, 106, 239 A.2d 528.

There is no error.

In this opinion the other judges concurred.