[No. 8158–6–I.  Division One.  May 4, 1981.]

WHATCOM COUNTY WATER DISTRICT NO. 4, *Respondent,*
v. CENTURY HOLDINGS, LTD., *Appellant.*

*William Johnston* and *John Anderson,* for appellant.

*Longbeer, Tull & Cuillier* and *Robert Tull,* for respondent.

CORBETT, J.—This is an appeal from a judgment on the pleadings granted to the respondent Water District for delinquent assessments, interest and penalties owed by the appellant, Century Holdings, Ltd.

In 1969, Water District No. 4 of Whatcom County (District), which serves the community of Point Roberts, wished to expand its facility by means of a Utility Local Improvement District. This expansion was designated ULID No. 23, and pursuant to statute, petitions were solicited from property owners who wished to be included in ULID 23. Included among these property owners was Century Holdings, Ltd. (Century), the appellant, a real estate

development corporation which owned real estate within Water District No. 4. Discussions were held between Century Holdings through its principal shareholder, George Hodgins, and Water District No. 4, through its attorney, Einar Simonarson. The discussions between Hodgins and Simonarson primarily concerned the scope of ULID 23 as it applied to real estate owned by Century. A portion of that acreage had been platted into 86 residential lots and was ready for development. The remaining portion, some 191 development lots, had obtained only preliminary plat approval and was not ready for development until further planning requirements were met. Appellant contends that Simonarson encouraged it to include the unplatted 191 lots within ULID 23, so that more favorable construction and bonding arrangements could be obtained by the District and that in consideration for including the 191 lots in ULID 23, Water District No. 4 would defer collection of assessments and interest with respect to the undeveloped lots until final plat approval for those lots was obtained. Appellant also alleged that in addition to agreeing to petition for inclusion of the unplatted acreage within ULID 23, Hodgins agreed on behalf of appellant to pay for clearing and improvement of water line rights–of–way. These improvements were completed at a cost of approximately $12,000 paid by appellant. Thereafter water lines were installed on the unplatted acreage. Final platting of the 191 lots was never approved, and accordingly, no subdivision of this acreage ever occurred. Since the creation of ULID 23 in 1969, appellant has paid all assessments and interest for the assessments due on the 86 platted lots but until this appeal, had not paid for the assessments, interest or penalties with respect to the 191 lots which have not been improved for development.

Pursuant to RCW 35.50.060, Water District No. 4 commenced this lawsuit for back assessments, interest and penalties by filing a "Certificate of Delinquency". In its answer, appellant contended:

1. That a contract or agreement was made between

Water District No. 4, acting through its attorney, and the appellant, acting through its principal, containing the following terms:

(a) Century Holdings, Ltd. would execute a petition to join in the formation of ULID 23, and to include within said ULID its 86 platted lots and its 191 proposed but unplatted lots.

(b) Century Holdings, Ltd. would pay for clearing of water line rights–of–way on its real estate; and

(c) Water district assessments and interest against the unplatted lots owned by Century Holdings, Ltd. would be deferred until final approval had been obtained for those lots.

2. That performance of the agreement occurred when the right–of–way was cleared and paid for by appellant, and water mains and connections were installed by Water District No. 4 upon the platted and unplatted real estate owned by appellant.

■■ Appellant concedes that the power of the District to contract is in the commissioners and not in their attorney. *Tukwila v. King County,* 99 Wash. 439, 441, 169 P. 824 (1918). It contends, however, that the District is bound by equitable principles as a result of Century's reliance upon the representations of the attorney to appellant's detriment and the District's benefit. It is the general rule that courts will not apply the doctrine of equitable estoppel against the government or subdivisions thereof. *Finch v. Matthews,* 74 Wn.2d 161, 169, 443 P.2d 833 (1968). Equitable estoppel may only be applied against a municipality where the acts are within the general powers granted to it, even though such powers have been exercised in an irregular and unauthorized manner. *Id.* at 171, 443 P.2d at 839. In the instant case, the District had no power to defer collection of the assessments. It was required by statute to collect the assessments (RCW 57.16.050; RCW 35.49, 35.50).

■ The alleged agreement is in effect a loan to appellant of the annual installment principal, interest and penalty. *See Heilos v. State Land Co.,* 113 N.J. Eq. 239, 241–42, 166 A. 330, 331 (1933). For the District to so lend its

credit would violate article 8, section 7 of the state constitution, which provides:

> No county, city, town or other municipal corporation shall hereafter give any money, or property, or loan its money, or credit to or in aid of any individual, association, company or corporation, except for the necessary support of the poor and infirm, or become directly or indirectly the owner of any stock in or bonds of any association, company or corporation.

The provisions of our constitution are mandatory, unless by express words they are declared to be otherwise. Const. art. 1, § 29; *Johns v. Wadsworth,* 80 Wash. 352, 353, 141 P. 892 (1914). The alleged agreement is therefore void as beyond the power of the Water District and contrary to the state constitution.

Appellant seeks to recover credit for the $12,000 expended for right–of–way improvements. The contention is that there would be a manifest injustice if the District was able to keep this as a result of the agreement it now disclaims. Washington follows the rule that if a municipality contracts for a public improvement (*e.g.,* right–of–way improvements) the agency providing the improvement is entitled to recover its cost, even though the contract is ultra vires. However, no recovery is allowed if the contract is malum in se, malum prohibitum, or manifestly violative of public policy. *Edwards v. Renton,* 67 Wn.2d 598, 604, 409 P.2d 153, 33 A.L.R.3d 1154 (1965). We hold that the agreement in this case was both malum prohibitum and against public policy. Therefore recovery of the $12,000 cannot be obtained.

Affirmed.

JAMES, C.J., and DURHAM, J., concur.

Reconsideration denied June 9, 1981.

Review denied by Supreme Court September 25, 1981.