[No. 11634-7-I.   Division One.   February 6, 1984.]

RONALD L. TEED, ET AL, *Respondents,* v. KING COUNTY, ET AL, *Defendants,* VYONE BIEL, *Appellant.*

*Roger M. Leed,* for appellant.

*Cooper & Tobin* and *William Tobin,* for respondents.

CALLOW, J.—Vyone Biel appeals the issuance of a writ of mandamus by the Superior Court for King County, which required the King County Council to pass an ordinance approving a rezone of certain property owned by Ronald and Theresa Teed alleging as error that the writ of mandamus was not timely filed and that the Superior Court was without authority to issue such a writ.

The marital community of Ronald L. and Theresa C. Teed operate a garbage disposal business on Vashon Island

known as "Island Disposal". The business is operated under the authority of a Certificate of Convenience of Necessity issued by the Washington Utilities and Transportation Commission.

The Teeds acquired a 1.36–acre parcel of land located near 99th Avenue S.W. and S.W. 204th Street on Vashon Island which they presently use for the storage of equipment, including garbage trucks. When they purchased the property, however, it was zoned G (Potential M–L) (General, Potential Light Manufacturing) which does not permit the parking, storage, or repair of heavy equipment, including garbage trucks. "Potential" meant that although the property was not currently suitable for M–L zoning it could be in the future. Due to several warning letters from the Code Enforcement Section of the King County Building and Land Development Division, the Teeds filed for a rezone of the property to M–L on March 21, 1979. An M–L rezone would have permitted the storage of garbage trucks.

On July 25, 1979, a King County zoning and subdivision examiner entered findings of fact and conclusions of law recommending that the property be reclassified as MP–P (Manufacturing Park) in lieu of M–L, subject to certain pre–ordinance and post–ordinance conditions. An MP–P reclassification would permit the Teeds' activities. The pre–ordinance condition required the Teeds to dedicate to King County 20 feet of additional right of way along 99th Avenue S.W.

This determination was appealed by neighboring property owners, but on October 22, 1979, the King County Council (County Council) entered a motion concurring with the recommendation of the hearing examiner.

Now THEREFORE BE IT MOVED by the Council of King County: The reclassification petitioned by ISLAND DISPOSAL . . . is approved subject to the pre–ordinance and post–ordinance conditions recommended by the Zoning and Subdivision Examiner's report dated July 25, 1979 and subject to the following additional pre–ordinance condition:

Pre–ordinance Condition No. 2: Within three (3)

months from the date of the motion adopting this condition, the applicant shall comply with all requirements of the King County Health Department relating to the applicant's operations at the site regarding the control of flies, rodents, and noxious odors. If the applicant fails to meet this condition, the approval of this reclassification shall lapse and the application shall be denied.

Motion 4566.

On November 5, 1979, the examiner sent a letter to the parties of record indicating the passage of the motion and stating, in part:

The Council will not take final action on the ordinance until the applicant has presented to the Building and Land Development Division . . . evidence showing satisfaction of the conditions contained in the Examiner's report, as modified by the Council, which was previously transmitted to parties of record.

On November 9, 1979, Vyone Biel filed a petition for review and a complaint for declaratory relief and for damages and injunctive relief for nuisance alleging that motion 4566 was not final or, alternatively, was unlawful, erroneous, and void (King County cause 79–2–06747–4). That case is still pending and is not the subject of the instant appeal.

On January 31, 1980, the King County Health Department sent a letter to the King County zoning and subdivision examiner and the Teeds which stated, in part:

It appears that adequate steps have been taken to assure control of any fly, rodent, or noxious odor problem(s) that might occur. No problems of this type were found during our 1/21/80 visit nor have they been reported in previous routine site inspections.

The Teeds then executed a deed on February 5, 1980, in favor of King County for a 20–foot right of way along 99th Avenue S.W. which was recorded by King County on April 7, 1980.

On February 8, 1980, a request for reconsideration of motion 4566 was received by the County Council from property owners adjacent to Island Disposal. Council member Paul Barden proposed motion 80–924, which would

have formally rescinded motion 4566, based upon the request for reconsideration and questions about whether Island Disposal had complied with Pre–ordinance Condition 2. The County Council, however, decided to consider the issue of the Island Disposal rezone in the context of the Vashon Island Community Plan and Area Zoning (Vashon Island Zoning), then pending before the County Council. The County Council subsequently zoned the Island Disposal property BR–N (Mixed Business–Residential Use, Neighborhood Scale) pursuant to King County Code (KCC) 21.27, as part of the Vashon Island zoning, adopted by King County ordinance 5522 on June 22, 1981. This zoning does not permit storage and maintenance of garbage trucks.

On July 17, 1981, 25 days after adoption of the Vashon Island zoning ordinance, the Teeds filed a petition against King County and the King County Council for a writ of mandamus, writ of prohibition, and declaratory judgment. Vyone Biel filed a motion to intervene on August 7, 1981. The Superior Court on September 10, 1981, entered an order granting motion to intervene, granting writ of mandamus and dismissing petitions for a writ of prohibition and a declaratory judgment stating, in part:

It Is HEREBY ORDERED that Vyone Biel's Motion to Intervene is granted, and,

It Is HEREBY ORDERED that a Writ of Mandamus is issued against King County as follows:

1. The King County Council shall pass an ordinance approving a rezone of the subject property to MP–P subject only to the post ordinance conditions detailed in the report of the King County Zoning and Subdivision Examiner dated July 25, 1979 and adopted by reference in King County Motion 4566.

2. The effective date of said ordinance shall be April 7, 1980, the date on which King County recorded a warranty deed for right–of–way alongside the subject property.

3. Said ordinance shall be deemed to have been in effect from April 7, 1980 until June 22, 1981, at which time the Vashon Area Zoning rezoned the subject property to BR–N–P, rendering Mr. Teed's use of the subject

property a legal nonconforming use.

Biel filed a notice of appeal to the Washington Supreme Court which was transferred to this court for review. The primary issue raised is the propriety of the Superior Court's actions in granting an alternative writ of mandamus. The Teeds have not appealed that portion of the Superior Court's order which dismissed their petition for a writ of prohibition and a declaratory judgment.

Two issues are presented:

1. Whether the application for a writ of mandamus was timely filed.

2. Whether a superior court has the authority to issue a writ of mandamus ordering a local legislative body to adopt a rezone ordinance.

The first issue is whether the application for a writ of mandamus was timely filed.

The record raises questions as to whether the Teeds have fully complied with the pre–ordinance conditions imposed by motion 4566. Moreover, there is no indication in the record that they ever presented to the Building and Land Development Division, "evidence showing satisfaction of the conditions contained in the Examiner's report, as modified by the Council". They made no attempt to obtain a final determination on their application for a reclassification of the Island Disposal property despite the fact that they were aware of and had ample opportunity to participate in the County Council's consideration of the proposed Vashon Island zoning. Instead, they sought a writ of mandamus, a writ of prohibition, and declaratory judgment on July 17, 1981, 25 days after the County Council had adopted the Vashon Island zoning which zoned the Island Disposal property BR–N. This was almost 1½ years after the date on which the pre–ordinance conditions were required to be completed.

The Teeds' contention seems to be that the County Council's actions in adopting the Vashon Island zoning amounted to final action on their application for a reclassi-

fication. KCC 20.24.230. Consequently, their application for a writ of mandamus was subject to any statutory limits for taking appeals from such decisions. "[A]lthough there is no statutory provision governing the time in which [a writ of mandamus] must be sought, the proper rule is that it should be sought within the same period as that allowed for an appeal." *State ex rel. Von Herberg v. Superior Court,* 6 Wn.2d 615, 618, 108 P.2d 826 (1940).

> [W]here there is a statutory right of appeal but it is an inadequate remedy, applications for writs of mandamus should be made within the time fixed for the taking of appeals, and when not so made will be denied.

*State ex rel. Hawksworth v. Clifford,* 130 Wash. 103, 106, 226 P. 272 (1924). *See Vance v. Seattle,* 18 Wn. App. 418, 569 P.2d 1194 (1977). This rule is limited to "'cases arising in the courts, or in other judicial proceedings, where the direct notice of the pendency thereof to the parties involved is jurisdictional.'" *Hough v. State Personnel Bd.,* 28 Wn. App. 884, 888, 626 P.2d 1017 (1981) (quoting *Pierce v. King Cy.,* 62 Wn.2d 324, 333, 382 P.2d 628 (1963)); *see Oden Inv. Co. v. Seattle,* 28 Wn. App. 161, 622 P.2d 882 (1981).

KCC 20.24.240(A) states, in part:

> Decisions of the council in cases identified in Section 20.24.070 [Recommendations to the council] shall be final and conclusive action unless within twenty calendar days . . . from the date of the council's adoption of an ordinance an aggrieved person applies for a writ of certiorari from the Superior Court in and for the county of King, state of Washington, for the purpose of review of the action taken; provided, no development or related action may occur during said twenty–day . . . appeal period.

Compliance with this ordinance is a jurisdictional requirement for appellate review. *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981); *Deschenes v. King Cy.,* 83 Wn.2d 714, 716, 521 P.2d 1181 (1974).

> When reviewing such statutory writs, the court is acting in an appellate capacity and compliance with any statutorily imposed time limits is jurisdictionally essential.

*North Street Ass'n,* at 364. It should be noted that "[t]he constitutional provision giving to the superior courts jurisdiction to issue writs, Const. art. 4, § 6, does not prohibit the limitation of the time for seeking such a writ." *Deschenes,* at 716.

Hence, since the application for an alternative writ of mandamus was filed on July 17, 1981, 25 days after the adoption of the Vashon Island zoning ordinance, the Superior Court was without jurisdiction to consider any challenge to the ordinance. "The rule is well known and universally respected that a court lacking jurisdiction of any matter may do nothing other than enter an order of dismissal." *Deschenes,* at 716.

Notwithstanding the Teeds' failure to object to the adoption of the Vashon Island zoning ordinance in a proper and timely manner, the Teeds further contend that the Superior Court had the authority to issue a writ of mandamus compelling the County Council to adopt an ordinance in accordance with its motion 4566. The second issue thus presented is whether a superior court has the authority to issue a writ of mandamus ordering a local legislative body to adopt a rezone ordinance.

■■ The issuance of a writ of mandamus is a statutory remedy which may only be used "to compel the performance of a duty enjoined by law . . . or where there is a clear duty to act." *Burg v. Seattle,* 32 Wn. App. 286, 290, 647 P.2d 517 (1982). RCW 7.16.160 states:

> Grounds for granting writ. It may be issued by any court, except a justice's or a police court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station . . .

Such a writ will not lie to compel performance of a discretionary act. *Peterson v. Department of Ecology,* 92 Wn.2d 306, 314, 596 P.2d 285 (1979); *Aripa v. Department of Social & Health Servs.,* 91 Wn.2d 135, 140, 588 P.2d 185 (1978). The approval or disapproval of a rezone or reclassification of a particular parcel of property is a discretionary

legislative act which cannot be compelled by a writ of mandamus. *Lillions v. Gibbs,* 47 Wn.2d 629, 289 P.2d 203 (1955); *Besselman v. Moses Lake,* 46 Wn.2d 279, 280 P.2d 689 (1955); *see Lund v. Tumwater,* 2 Wn. App. 750, 472 P.2d 550 (1970).

The Teeds concede that generally courts should not impose equitable estoppel against the government or subdivisions thereof, and, particularly, where application of the doctrine would encroach upon governmental sovereignty, interfere with the proper discharge of governmental duties, curtail the exercise of police powers, or avoid the requirements of legislation enacted for the public interest. *Finch v. Matthews,* 74 Wn.2d 161, 169–70, 443 P.2d 833 (1968); *Whatcom Cy. Water Dist. 4 v. Century Holdings, Ltd.,* 29 Wn. App. 207, 627 P.2d 1010 (1981); *Pacific Shrimp Co. v. United States Dep't of Transp.,* 375 F. Supp. 1036, 1042 (W.D. Wash. 1974). The Teeds, however, contend that once they complied with the conditions set forth in King County motion 4566, the reclassification of their property became a mere ministerial act. Hence, they argue that under the "vested rights" doctrine the Superior Court was able to issue a writ of mandamus compelling the County Council to enact an ordinance adopting such a reclassification. We disagree.

Under the "vested rights" doctrine, issuance of a building permit is a ministerial act for which mandamus will lie where compliance with the then existing zoning regulations is shown. *State ex rel. Craven v. Tacoma,* 63 Wn.2d 23, 27, 385 P.2d 372 (1963); *see Parkridge v. Seattle,* 89 Wn.2d 454, 465, 573 P.2d 359 (1978). The rationale underlying the doctrine is that

> A property owner has a vested right to use his property under the terms of the zoning ordinance applicable thereto. A building or use permit must issue as a matter of right upon compliance with the ordinance. The discretion permissible in zoning matters is that which is exercised in *adopting* the zone classifications with the terms, standards, and requirements pertinent thereto, all of which must be by general ordinance applicable to all

persons alike. The acts of administering a zoning ordinance do not go back to the questions of policy and discretion which were settled at the time of the adoption of the ordinance. Administrative authorities are properly concerned with questions of compliance with the ordinance, not with its wisdom.

(Citations omitted.) *State ex rel. Ogden v. Bellevue,* 45 Wn.2d 492, 495, 275 P.2d 899 (1954); *see* Comment, *Washington's Zoning Vested Rights Doctrine,* 57 Wash. L. Rev. 139 (1981).

Contrary to the respondents' contention, the "vested rights" doctrine is not applicable. The Teeds' request was for a rezone of their property. "Actions are characterized as rezoning when there are specific parties requesting a classification change for a specific tract." *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.,* 96 Wn.2d 201, 212, 634 P.2d 853 (1981). Although rezoning actions are basically adjudicatory, *Fleming v. Tacoma,* 81 Wn.2d 292, 299, 502 P.2d 327 (1972), and are not given the presumption of validity given to comprehensive land use plans and promulgatory zoning regulations, they will be upheld only if there is substantial evidence indicating that the rezone furthers the public welfare and that changed circumstances warrant its passage. *Cathcart–Maltby–Clearview Comm'ty Coun.,* at 211; *Hayden v. Port Townsend,* 93 Wn.2d 870, 613 P.2d 1164 (1980); *Parkridge v. Seattle, supra.* Moreover, a rezone will not be disturbed by the courts absent arbitrary and capricious conduct by the local legislative tribunal, *see Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy., supra; i.e.,* conduct that is willful and unreasonable without consideration and in disregard of facts or circumstances. *Barrie v. Kitsap Cy.,* 93 Wn.2d 843, 613 P.2d 1148 (1980).

Courts simply do not possess the power to amend zoning ordinances or to rezone a zoned area, and they cannot and should not invade the legislative arena or intrude upon municipal zoning determinations, absent a clear showing of arbitrary, unreasonable, irrational or unlawful zoning action or inaction.

*Bishop v. Houghton,* 69 Wn.2d 786, 792–93, 420 P.2d 368 (1966). The situation raised in the instant appeal is clearly not the type of ministerial action which warrants the granting of mandamus contemplated under the "vested rights" doctrine.

We further note that the mere passage of a motion by the County Council did not commit the Council to ultimately adopt an ordinance in conformance therewith. Section 240 of the King County Charter states, in part:

> The county council may pass motions to confirm or reject appointments by the county executive, to organize and administer the legislative branch, to make declarations of policy which do not have the force of law and to request information from any other agency of county government. Motions shall not be subject to the veto power of the county executive, and the county council in passing motions need not comply with the procedural requirements for the introduction, consideration and adoption of ordinances.

The motion could not have had the effect of law until formally adopted as an ordinance by the County Council in compliance with all the requisite procedures. Nor could the Teeds rely on the motion as the final determination of their request for a rezone. Final action on any recommendation of the hearing examiner must be by ordinance supported by findings of fact and conclusions of law from the record. KCC 20.24.230. Consequently, at no time was the Teeds' use of their property lawful under the pertinent zoning regulations so as to require application of the "vested rights" doctrine. The issuance of the writ was in error.

We reverse the Superior Court and remand the cause with instructions to enter an order dismissing the Teeds' application for an alternative writ of mandamus filed July 17, 1981. Our decision does not preclude the Teeds from applying for a nonconforming use under the new Vashon Island zoning ordinance. *See Andrew v. King Cy.,* 21 Wn. App. 566, 586 P.2d 509 (1978). Finally, we note that the Teeds conveyed to the County a 20–foot strip of additional right of way along 99th Avenue Southwest on their

unfounded assumption that a rezone would be forthcoming. In equity, the Teeds are entitled to have such property conveyed back to them.

WILLIAMS and ANDERSEN, JJ., concur.