[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, plaintiff Francis H. Dobrowolski timely appeals from defendant Meriden Zoning Board of Appeals' decision denying his application for a variance. Plaintiff sought said variance to eliminate completely the zoning requirement of a 400 foot frontage on a City of Meriden street. Plaintiff needed this variance in order to make application to construct a planned executive office development (hereinafter PEOD). After a public hearing, the board found that plaintiff had failed to demonstrate sufficient hardship and denied his request.
Plaintiff is aggrieved as the beneficial owner of the subject property.
Plaintiff's claims as set forth in his brief are that the variance would not affect the comprehensive zoning plan, that plaintiff met his burden of demonstrating hardship, and that the action of the board was confiscatory.
It is important to note that, despite the tenor of the argument in plaintiff's brief, the board did not deny an application for a PEOD. The request to vary the 400 foot requirement was merely preliminary to plaintiff's apparent intention to propose a PEOD had he been successful in securing the variance. Defendant's characterization of plaintiff's request as "a variance in order to obtain yet another variance" is closer to the mark, although approval for a PEOD is not, strictly speaking, a variance. Such approval does, however, require compliance with a complex set of zoning regulations. Record, item I, Zoning Regulation of the City of Meriden, 213-26.1, et seq. Approval of a PEOD is within the purview of the Planning Commission.
The record before the board shows that plaintiff or his former corporation has owned the subject property for fifteen years. Plaintiff's problems appear to arise, at least in part, because the property is located in both Meriden and Berlin. Plaintiff's property is located in a Rural Residential district. Permitted uses[1] in this district are single-family dwellings, municipal or public uses and buildings and public and private utility substations. Other uses are permitted by way of special exception. Record item I, Zoning Regulations 213-13, p. 21325, et seq. There uses are subject to lot and bulk requirements set forth at the end of the regulations. Id. 213-12(B). Plaintiff speculates regarding the application of these requirements to his property in his letter dated March 6, 1991.[2] He concludes that there is no reasonable use of his property whatsoever absent the granting of the variance at issue. This court is not at liberty to join in plaintiff's speculation as to how Meriden would look upon other applications for the reasonable use of his property. In any event, the variance plaintiff sought was for the purpose of CT Page 6775 allowing nothing more than the possibility of applying for a PEOD.
At the hearing, plaintiff stated that he had previously had almost 3000 feet of right-of-way which had been quit-claimed to the State of Connecticut in exchange for the present right-of-way through Lamentation State Park. Record Stem C, transcript, p. 7. The present right-of-way is located in Berlin. There is no right-of-way through Meriden.
Connecticut law is replete with cases concerning the law of variances and unconstitutional takings. Recent decisions have reiterated principles concerning these issues. Plaintiff cites the recent case of D'Addario v. Planning and Zoning Commission,25 Conn. App. 137, 593 A.2d 511 (1991), in support of his claim that an unconstitutional taking has resulted from denial of the variance. That case is inapposite. The taking found therein was the result of a zone classification change that drastically decreased the value of the property. In the present case, plaintiff's difficulties appear to have been caused, at least in part, by his own action in quit-claiming a previously held right-of-way. Even if plaintiff's present problem had not arisen as a result of his own actions, he falls far short of meeting his burden to demonstrate an unconstitutional taking.
Plaintiff claims that it would introduce an absurd proposition to the law of zoning to say that an owner cannot show he has no reasonable use until he has applied for and been denied every possible variance and special exception. Another recent case addressed this issue. In Gil v. Inland Wetlands and Watercourses Agency, 219 Conn. 404, 417, 593 A.2d 1368 (1991), the court states that
 . . .although repeated applications and denials are not necessary to show finality, `in most cases, a property owner must do more than submit one plan to an agency in order to establish that the agency's decision is `final' for the purposes of the takings clause.' Id., 607 [Port Clinton Associates v. Board of Selectmen, 217 Conn. 588, 604, 587 A.2d 126 (1991)]. We further noted that the `[r]ejection of exceedingly grandiose development plans will receive similarly unfavorable reviews.' Id., 608, citing McDonald, Sommer Frates v. Yolo County, [477 U.S. 340, 348-49, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986)], supra, 353 n. 9.
See also Laufer v. Conservation Commission of the Town of Fairfield, 24 Conn. App. 708, 592 A.2d 392 (1981). Moreover, Gil also notes that "[t]o demonstrate the requisite CT Page 6776 finality, a property owner asserting a regulatory takings claim bears the burden of proving that the relevant government entity will not allow any reasonable alternative use of his property." Id. 415, citing Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 553, 525 A.2d 940 (1987) (emphasis in original).
Plaintiff has failed to meet his burden to establish an unconstitutional taking. Nor has he demonstrated hardship. To the contrary, there is evidence on the record that plaintiff's claimed hardship is self-imposed as a result of the quitclaim to the State of Connecticut. See Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 658, 427 A.2d 1346 (1980). Nor is it unreasonable to assume that plaintiff might well have contemplated some difficulties in obtaining zoning approvals at the time he purchased a parcel of land subject to the regulation of two separate municipalities.
The power to grant a variance "is an exceptional power which should be sparingly exercised." Devaney v. Board of Zoning Appeals, 132 Conn. 537, 540 45 A.2d 828 (1946). "The maximum possible enrichment of a property owner is not a controlling purpose of zoning." State National Bank v. Planning Zoning Commission, 156 Conn. 99, 102, 239 A.2d 528 (1968).
There is substantial evidence on the record to support the board's finding of insufficient hardship. Accordingly, the appeal is denied.
Dunnell, J.