[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Zoning Board of Appeals of the City of New London (hereinafter the CT Page 7719 "Board" or "ZBA") which denied a request for variances of the zoning regulations made by the plaintiff's predecessor in title, Pearl-Main Investment Company (hereinafter "the Landowner" or "Applicant").
This appeal has been instituted pursuant to the provisions of section 8-8 of the Connecticut General Statutes authorizing aggrieved persons to appeal to the Superior Court for the Judicial District in which the municipality is located.
After completion of the appropriate pleadings and briefs, a hearing was held before this court on August 29, 1991. At that hearing the motion of Dade Realty Company to be substituted as party plaintiff dated August 7, 1991 was granted by agreement since Dade Realty Company has become the owner of the property which is the subject of this appeal.
Also at the hearing testimony was taken from Zane Megos an agent for the property owner and the substituted plaintiff indicating that the Landowner was the Applicant in the ZBA proceeding where the variance was denied and that Dade Realty Company had acquired the property. Deeds were introduced as exhibits. The issue of aggrievement was not contested by the ZBA. Based upon the facts adduced at the hearing and the pleadings the court finds the substituted plaintiff to be aggrieved.
Also at the hearing there was introduced (Plaintiff's Exhibit D) a chronological listing of the activities relating to the subject property which provide the factual background for the appeal and which is set forth in full as follows:
KEY DATES FOR DADE REALTY PARCELS
 1926 — Benjamin Armstrong files subdivision plan for Bristol Street neighborhood including Lots 1 and 2.
 1926 — Benjamin Armstrong builds house on Lot 1 (4,090 Square feet).
 1927 — Lot 2 purchased by Phyllis Murray (6,534 square feet).
 1928 — Zoning first Adopted in New London (5,000 square foot lots required on Bristol Street).
 1931 — Lot 1 purchased by Benjamin Armstrong, John Armstrong and Luella CT Page 7720 Noyes.
 1931 — Lot 2 purchased by Sarah Murray. Lot 2 is a separate, lawful, non-conforming lot at this point.
 1941 — Lot 2 purchased by Katherine Murray. 1943 — Lot 1 purchased by Katherine Murray.
 1983 — Zoning Regulations add merger clause stating that two contiguous lots in common ownership will be merged into one lot if either lot is undersized. Lots 1 and 2 become merged at this point.
 1990 — Pearl Main Investment Company acquires lots 1 and 2 by foreclosure.
 1990 — Pearl Main is denied permission to build or sell Lot 2 by zoning enforcement officer on grounds that Lot 1 and Lot 2 were merged by the regulations.
 1990 — ZBA denies Pearl Main's application for a variance of the merger clause and for other variances.
 1990 — Pearl Main appeals ZBA decision to Superior Court.
 1991 — Pearl Main transfers property to Dade Realty and assigns its cause of action to Dade Realty.
While the parties were required to produce a substantial amount of material at the hearing below and have extensively briefed the factual background and the contents of the transcript of the hearing below, there is no real dispute about the factual situation which gives rise to the legal issues presented.
Suffice it to say that two separate lots which were created before zoning and which did not individually meet the zoning requirements were merged by a specific merger provision of the zoning regulations of the City of New London at a time when they were both owned by a single landowner. When the subsequent owner of the two lots inquired of the building official they were told of the merger situation and a variance application was made not only to redivide the two lots but also CT Page 7721 to vary some of the bulk regulations which could not be met by the undersized pre-existing lots.
It is from the denial of the application of those variances that this appeal was instituted.
First it should be noted that both parties have briefed at some length the issue of whether or not the two lots were "merged", and if so, how. On that issue the court has determined that the lots were merged by operation of law in 1983 when the "merger clause" was adopted as part of the City of New London Zoning Regulations. But that issue is not determinative of this case.
The real issue raised by this appeal is whether the Board correctly concluded that the Landowner did not fulfill the legal standards for obtaining variance set forth in section8-6 (3) of the Connecticut General Statutes. This section provides:
 The zoning board of appeals shall have the following powers and duties . . . (3) to determine and vary the application of zoning by-laws, ordinances, or regulations in harmony with their general purpose and intent with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel, but not affecting generally the district in which it is situated, a literal enforcement of such by-laws, ordinances, or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured.
Section 8-6 (3) has been interpreted as authorizing a variance when two conditions are satisfied. First, the applicant must show that to adhere to the strict letter of the zoning regulations would cause unusual hardship or exceptional difficulty. Second, the applicant must show that the requested use is in harmony with the general purpose and intent of the zoning ordinance and will be in accord with the town's comprehensive plan. See Grillo v. Zoning Board of Appeals,206 Conn. 362, 368 (1988); Whittaker v. Zoning Board of Appeals,179 Conn. 650, 655-56 (1980); Smith v. Zoning Board of Appeals,174 Conn. 323, 326 (1978). These standards have been incorporated into section 1000 and 1020 of the New London Zoning Regulations. CT Page 7722
Under our scope of review this court may not retry the case. Primerica v. Planning Zoning Commission, 211 Conn. 85, (1989); Kaeser v. Conservation Commission, 20 Conn. App. 309, (1989). Rather, the court must limit its focus to the of the proceeding. Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152 (1988). Nevertheless, this court review whether the Board complied with its regulations and Connecticut General Statutes. This court can affirm the decision only if the record shows that it did not act illegally, arbitrarily or so unreasonably as to have abused its discretion. See e.g., Havurah v. Zoning Board of Appeals,177 Conn. 440 (1979) Bogue v. Zoning Board of Appeals, 165 Conn. 749,752 (1978).
Section 8-7 of the Connecticut General Statutes requires the Board to state on the record the reason for its decision and to describe with specificity the facts upon which its decision is based. When a board does not do so, as in the case here, this court is required to search the record to determine if there is support for the action taken. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 732 (1988); A.P. W. Holding Corp. v. Planning and Zoning Board, 167 Conn. 182,186 (1974); Zieky v. Town Plan Zoning Commission, 151 Conn. 265,268 (1963).
The law is clear that merging previously existing non-conforming lots creates a hardship which is not self-imposed. Kulak v. Zoning Board of Appeals 184 Conn. 479,482 (1981). The question then is not whether or not there is a hardship as required by section 8-6 (3) of the General Statutes but whether there is substantial evidence in the record which would support the Board's determination to deny the variance considering the broad authority granted the ZBA by that law. Considerable evidence is reviewed by the ZBA in its brief. (Defendant's Brief, pgs. 2-5).
The Appellant claims that the record does not contain substantial evidence from which the Board could have concluded that the variance should be denied. (Plaintiff's Brief, p. 18). The Board claims that the record does contain such evidence. (Defendant's Brief, p. 14). The "substantial evidence" rule is set forth in Huck v. Inland Wetlands and Watercourse, 203 Conn. 525
(1987).
Again it is important to note that the scope of judicial review in this case is limited as pointed out by the ZBA's brief. Parks v. Planning and Zoning Commission, 178 Conn. 657,663 (1979); Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654 (1980). CT Page 7723
The substituted plaintiff herein has reviewed in its memorandum various factual matters which would suggest that if reviewed by this court constituted evidence that the proposed use was in harmony with the neighborhood and would provide sufficiently for conserving the public health, safety, convenience, welfare and property values.
It is the conclusion of this court that to review such evidence and make such a determination would constitute a retrial of the factual issues presented to the ZBA by the Landowner and thus beyond the scope of judicial review. The ZBA in its brief (pages 2-5) (page 25) sets forth references to the record which contain evidence in support of the denial. Four neighbors testified against the variance request referring to factual claims not subject to be retried again here. Questions of credibility of witnesses and the determination of factual issues are matters within the provence of the ZBA. Stankiewicz v. Zoning Board of Appeals, supra, 732. The court finds that there is substantial evidence in the record to support the decision of the Board.
As to the plaintiff's claim of confiscation, the court would note simply that no alternative uses have been reviewed or applied for. The fact that regulations prevent the enjoyment of certain rights in property without compensation does not necessarily constitute a "taking". Aunt Hack Ridge Estates Inc. v. Planning Commission 160 Conn. 109, 117 (1970). Maximum possible enrichment of a property owner is not a controlling consideration in land use matters. State National Bank of Conn. v. Planning and Zoning Commission, 156 Conn. 99, 102.
Since alternative uses have not been fully reviewed in this record the court can not properly apply either the so-called "practical confiscation" test or the "balancing" test. See Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,151.
The appeal is dismissed.
LEUBA, J.