[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This court dismisses the appeal, finding that the plaintiff failed to prove aggrievement, and in addition, finding that the defendant did not act arbitrarily, illegally or in abuse of its CT Page 8346 discretion in denying the plaintiff's application.
BACKGROUND
The plaintiff Henry Maturo appeals from a June 5, 1995 decision of the defendant Town of Somers Zoning Commission denying the plaintiff's application for an amendment to the Town of Somers Zoning Regulations ("Regulations"). This matter was consolidated with Maturo v. Somers, Docket No. CV 95-0057539. A separate decision is being rendered in the companion case.
A hearing was held on June 8, 1997.
DISCUSSION
On February 7, 1995, the plaintiff applied to the defendant for an amendment of the regulations to allow a commercial golf center to be a permitted use in an A-1 residential zone. (ROR, Item #2) The plaintiff owns real property in an A-1 zone on which he wants to build such a center. (ROR, Item #16A, p. 16)
The defendant held two public hearings on the application. (ROR, Item ## 16A, 16B). The defendant held discussions on the application (ROR, Item ## 16C, 16D) and then denied the application on June 5, 1995. (ROR, Item #16D, pp. 14-15)
A. Aggrievement
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). Unless the plaintiff alleges and proves aggrievement, his appeal must be dismissed. DiBonaventura v. Zoning Board of Appeals,24 Conn. App. 369, 373, 573 A.2d 1222, cert. denied, 219 Conn. 903,593 A.2d 129 (1991). "The plaintiff's status as a person aggrieved by the decision appealed from [is] a question of fact for the court to determine." Fletcher v. Planning Zoning Commission,158 Conn. 497, 503, 264 A.2d 566 (1969). The plaintiff has pleaded that he is aggrieved because he had been denied the full use of his property, and he has a specific and personal and legal interest in the subject matter of the decision and is specifically and injuriously affected in the use, enjoyment and/or ownership of his property by the decision. (Plaintiff's Appeal, p. 2) "[A]s a matter of law, there can be no aggrievement when the zoning regulations of a municipality are amended in such a way that no CT Page 8347 particular area or property is affected." Sheridan v. PlanningBoard, 159 Conn. 1, 12, 266 A.2d 396 (1969). The proposed amendment was a change in permitted use for the A-1 residential zone of the Town of Somers. Eighty-nine percent of the land in the Town of Somers is in an A-1 zone. (Plaintiff's Brief, p. 13). The plaintiff must have "a specific, personal and legal interest in the subject matter of the decision." (Citation omitted; internal quotation marks omitted.) Fletcher v. Planning ZoningCommission, supra, 502. In that case, the plaintiff appealed the denial of zone change request. The court found that the plaintiff did not establish aggrievement in his appeal of the decision as a homeowner in the town seeking two new zone categories. The court found that the plaintiff did establish aggrievement, however, as a record owner (as trustee) of the property, and as a contract purchaser of a specific parcel of land within the property for which the zone change was requested. Fletcher v. Planning ZoningCommission, supra, 502-03. In the present matter, although the plaintiff was a participant in the hearing before the defendant and has an interest in the decision, he has not proved that his interest in amending the permitted uses for the A-1 zone is distinguishable from all members of the community. Id.
B. Legislative Decision
Notwithstanding the finding that the plaintiff did not establish aggrievement, this court will consider the plaintiff's argument that the defendant's decision was illegal, arbitrary and an abuse of discretion.
When the defendant denied the plaintiff's application to amend the zoning regulations, the defendant was acting in its legislative capacity. Kaufman v. Zoning Commission, 232 Conn. 122, 153,653 A.2d 798 (1995) "Acting in such legislative capacity, [the defendant] is free to amend its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change." (Citation omitted; internal quotation marks omitted.) Protect Hamden/NorthHaven from Excessive Traffic Pollution, Inc. v. Planning ZoningCommission, 220 Conn. 527, 543, 600 A.2d 757 (1991). "This legislative discretion is wide and liberal, and must not be disturbed by the courts unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally." (Internal quotation marks omitted). Id.
A zoning commission is not required to give reasons for CT Page 8348 denying a zone change application. West Hartford InterfaithCoalition, Inc., v. Town Council, 228 Conn. 498, 514, 636 A.2d 1342
(1994). If the defendant does not give an official reason for a denial of a zoning application, the court shall search the record to see if the defendant is justified in its decision. Id., 515. In searching the record, this court finds the defendant was justified in its decision. Several members of the commission expressed concern that the proposed regulation would compromise the A-1 residential zone with commercial enterprises and that perhaps it would be better for the town if certain areas were changed from a residential to a commercial zone. (ROR Item ## 16C, p. 7, 16D, p. 4). The commission was acting legislatively, and it was entitled to consider the proposed amendment in a context that went beyond the plaintiff's specific site and project. ProtectHamden/North Haven from Excessive Traffic Pollution, Inc. v.Planning Zoning Commission, supra, 220 Conn. 547. This court finds that the record has sufficient evidence to support the defendant's denial of the application and the denial was a proper use of the defendant's discretion. Cascio v. Town Council,158 Conn. 111, 114, 256 A.2d 685 (1969).
CONCLUSION
This court finds the plaintiff did not prove aggrievement, and in addition, the defendant did not act arbitrarily, illegally or in abuse of its discretion in denying the plaintiff's application.
Accordingly, the appeal is dismissed.
BY THE COURT, Hon. Joanthan J. Kaplan