[No. 18317-0-II.    Division Two.    April 5, 1996.]

NOBLE MANOR COMPANY, *Appellant*, v. PIERCE
COUNTY, *Respondent*.

*Stephen H. Demarest* and *Demarest & Associates*, for appellant.

*John W. Ladenburg, Prosecuting Attorney*, and *Douglas W. Vanscoy, Deputy*, for respondent.

BRIDGEWATER, J. — Noble Manor Company appeals a superior court order granting summary judgment for Pierce County. Noble Manor sued for damages resulting from the County's stop work order on construction of two duplexes in which Noble Manor claimed vested rights to develop. We hold that the submission of a completed short plat application vests the right to develop, not merely divide, the land under the regulations in effect at the time of the submission. We reverse.

Noble Manor submitted a completed short plat application to Pierce County to subdivide one lot into three. The application expressly stated that the developer proposed to build three multifamily residential units. At the time of the application, PCC § 18.10.311 provided that the minimum lot area for a duplex was 13,500 square feet. Thereafter, Planning and Land Services (PALS) accepted one but refused to accept two other building permit applications pending approval of the short subdivision.

Before the short subdivision was approved, the County passed the University Place Interim Zoning Ordinance. The ordinance increased the minimum lot size for duplexes from 13,500 to 20,000 square feet.

Eleven months after Noble Manor submitted its completed short plat application, PALS approved the short plat for three lots. Thereafter, however, PALS refused to accept applications for the two remaining building permits

on the basis that the proposed construction would violate the interim zoning ordinance. Two weeks later, after PALS issued only one permit, a PALS' counter technician, unfamiliar with the history of the case, issued the other two building permits to Noble Manor, and Noble Manor commenced construction. PALS subsequently "red-tagged" the errant building permits, stopping construction.

A hearing examiner reversed PALS, concluding that Noble Manor's development rights in the three duplexes vested before passage of the interim zoning ordinance. Noble Manor completed its projects and sued the County, claiming delay damages for the four months that Noble Manor was prohibited from constructing the two duplexes. The superior court granted summary judgment to the County, concluding that the Legislature, by adopting RCW 19.27.095 and RCW 58.17.033, intended that an application for land division under RCW 58.17.033 limited vesting to rights to divide, not develop, the land.

■ This court reviews the order of summary judgment de novo, performing the same inquiry as the trial court. *Simpson Tacoma Kraft Co. v. Department of Ecology*, 119 Wn.2d 640, 646, 835 P.2d 1030 (1992). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

■ First, we explain the common law doctrine of vested rights. Prior to 1987, the vested rights doctrine applied only to building permits. Washington's common law doctrine of vested rights entitled developers to have a land development proposal processed under the regulations in effect at the time a complete building permit application was submitted, regardless of subsequent changes in zoning or other land use regulations. *Erickson & Assocs., Inc. v. McLerran*, 123 Wn.2d 864, 868, 872 P.2d 1090 (1994). The doctrine was defined as follows:

[A] developer's right to develop in accordance with a particu-

lar zoning designation vests only if the developer files a building permit application that (1) is sufficiently complete, (2) complies with existing zoning ordinances and building codes, and (3) is filed during the effective period of the zoning ordinances under which the developer seeks to develop.

*Valley View Indus. Park v. City of Redmond*, 107 Wn.2d 621, 638, 733 P.2d 182 (1987).

Washington's common law doctrine of vested rights is a minority rule: "Washington's vesting rule runs counter to the overwhelming majority rule that 'development is not immune from subsequently adopted regulations until a building permit has been obtained and substantial development has occurred in reliance on the permit.' " *Erickson & Assocs.*, 123 Wn.2d at 868 (quoting Richard L. Settle, *Washington Land Use and Envtl. Law and Practice* § 2.7, at 40 (1983)).

In 1987, the doctrine was codified with two significant changes. One, the doctrine now requires an application be fully completed, rather than "sufficiently complete[d]" as required at common law. Two, the doctrine now extends to applications for land division. *Friends of the Law v. King County*, 123 Wn.2d 518, 522, 524 n.3, 869 P.2d 1056 (1994); *Adams v. Thurston County*, 70 Wn. App. 471, 475, 855 P.2d 284 (1993); RCW 19.27.095; RCW 58.17.033.

RCW 58.17.033 states in pertinent part:

(1) A proposed division of land, as defined in RCW 58.17.020, shall be considered under the subdivision or short subdivision ordinance, *and zoning or other land use control ordinances, in effect on the land at the time a fully completed application for preliminary plat approval of the subdivision, or short plat approval of the short subdivision, has been submitted* to the appropriate county, city, or town official.

(2) The requirements for a fully completed application shall be defined by local ordinance.

(Emphasis added.)

RCW 58.17.033 is similarly worded to RCW 19.27.095. RCW 19.27.095 states in pertinent part:

(1) A valid and fully complete building permit application for a structure, that is permitted under the zoning or other land use control ordinances in effect on the date of the application shall be considered under the building permit ordinance in effect at the time of application, and the zoning or other land use control ordinances in effect on the date of application.

(2) The requirements for a fully completed application shall be defined by local ordinance . . . .

Washington's doctrine of vested rights embraces "a vesting principle which places great emphasis on certainty and predictability in land use regulations. The purpose of the vesting doctrine is to allow developers to determine, or "fix," the rules that will govern their land development.' " *Erickson & Assocs.*, 123 Wn.2d at 868 (citation omitted) (quoting *West Main Assocs. v. City of Bellevue*, 106 Wn.2d 47, 51, 720 P.2d 782 (1986), *review denied*, 112 Wn.2d 1009 (1989)). The vesting doctrine is rooted in principles of fundamental fairness and insures " 'that new land-use ordinances do not unduly oppress development rights, thereby denying a property owner's right to due process under the law.' " *Erickson*, 123 Wn.2d at 870 (quoting *Valley View Indus. Park*, 107 Wn.2d at 637).

We find at the outset that RCW 19.27.095 does not limit the vested rights doctrine to building permit applications. Indeed, our Supreme Court noted in *Erickson*, 123 Wn.2d at 872-73 that "prior cases apply the vested rights doctrine in other contexts beside [sic] building permits." Both RCW 58.17.033 and RCW 19.27.095 vest rights in the zoning or other land use control ordinances in effect at the time or on the date of application. RCW 58.17.033 merely defines another context other than building permit applications, namely, applications for land division, where a developer's rights become vested.

The interpretation urged by the County, that RCW 58.17.033 vests only the right to divide, not the right to develop, results essentially in limiting the vested rights

doctrine to completed building applications. Their interpretation ignores the plain language of RCW 58.17.033 that those who submit completed short plat applications are entitled to be considered "under the . . . zoning or other land use control ordinances, in effect." This language is no different from that in RCW 19.27.095. Land use cannot mean "divide" in one statute, and "develop" in the other.

That the Legislature would address the vested rights doctrine in both the subdivision and the building context is consistent with how land is developed. A property owner is not required to divide land prior to building; presumably all builders must obtain a building permit. RCW 58.17.033 merely allows the vesting to occur at the earlier moment a person confronts zoning and other land use regulations.

This court in construing RCW 58.17.033 held that development rights vest upon compliance with either RCW 58.17.033 or RCW 19.27.095. *Adams*, 70 Wn. App. at 475. In *Adams*, a developer submitted a preliminary plat application. Afterward, the county changed the density requirement from four dwelling units per acre to one per five acres. We said:

> Under Washington law, property development rights vest at the time a developer files a complete and legally sufficient building permit or preliminary plat application. RCW 19.27.095(1); RCW 58.17.033(1); *see Valley View Indus. Park v. Redmond*, 107 Wn.2d 621, 638, 733 P.2d 182 (1987). The date on which development rights vest determines which land use laws, rules, and policies will apply to that development. The development is controlled by the law in effect at the time of vesting, not laws enacted later.

*Adams*, 70 Wn. App. at 475. We held that Thurston County's attempt to delay vesting until the developer completed a final environmental impact statement conflicted with state law. *Adams*, 70 Wn. App. at 482. *Adams* is equally applicable whether the completed application is for a preliminary plat or a short plat as defined in RCW 58.17.020. RCW 58.17.033.

The facts of *Friends of the Law*, 123 Wn.2d 518, decided after the events of this case, are analogous. In *Friends of the Law*, the developer submitted an application to King County for preliminary approval of its proposal to subdivide its sizable acreage into 65 lots. Thereafter, and before approval of the developer's application, King County adopted a temporary ordinance that forbade the subdivision of land in the same area as the developer's proposed development. The Supreme Court upheld King County's approval of the application because the developer's right to be subject to zoning laws had vested under RCW 58.17.033 at the time of his application, not its approval. *Friends of the Law*, 123 Wn.2d at 520-21, 527-28. As the Supreme Court held with regard to RCW 58.17.033:

> Once a completed application has been submitted, it is to be judged under the laws in effect at the time of submission. If the applicant can show that its plat, with the proper conditions and modifications, will comply with those laws, it will be approved. If not, it will be rejected and the process may begin again. RCW 58.17.140. The applicant bears the burden of complying fully with applicable land use requirements. *Taylor v. Stevens Cy.*, 111 Wn.2d 159, 169-70, 759 P.2d 447 (1988).

*Friends of the Law*, 123 Wn.2d at 529.

The case of *Erickson*, 123 Wn.2d 864, relied upon by the County, is inapplicable. In *Erickson*, the court upheld a Seattle ordinance that regulated the vesting date for Seattle master use permits. *Erickson*, 123 Wn.2d at 868. Under that ordinance, vesting occurs (1) when a developer files a complete building permit application at any point in the MUP permitting process, or (2) when the MUP is issued by the City even in the absence of a building permit. *Erickson*, 123 Wn.2d at 868. *Erickson* stands for the principle that a city or county may adopt vesting schemes best suited to the needs of a particular locality. *Erickson*, 123 Wn.2d at 873. The County does not contend it has adopted a vesting scheme, nor does it contend that Noble Manor's application violated any land use control ordinances in effect at the time of its submission.

In light of the hearing examiner's uncontested finding that the short plat application was completed, and RCW 58.17.033's unambiguous language subjecting short plat application to land *use* control ordinances in effect at the time of submission, we hold that vesting occurred at the time of Noble Manor's submission of its completed short plat application.

We reverse and remand for a determination of whether or not Noble Manor is entitled to damages.

MORGAN and TURNER, JJ., concur.

Review granted at 129 Wn.2d 1026 (1996).