[No. 38260-8-I.    Division One.    September 8, 1997.]

SCHNEIDER HOMES, INC., *Appellant*, v. THE CITY OF KENT, *Respondent.*

*George A. Kresovich, Richard R. Wilson,* and *Hillis Clark Martin & Peterson,* for appellant.

*Roger A. Lubovich, City Attorney, Laura Evezich, Assistant;* and *Michael Charles Walter, Keating, Bucklin & McCormack, P.S.,* for respondent.

BECKER, J. — Schneider Homes, Inc., appeals from a dismissal on summary judgment of its claims against the City of Kent. We conclude Schneider Homes vested the right to have its Planned Unit Development (PUD) application considered under ordinances existing at the time it submitted an application to subdivide based on the PUD proposal. We reverse the trial court and grant summary judgment in favor of Schneider Homes.

Schneider Homes, Inc., owns undeveloped real property in the Chestnut Ridge area of King County. In 1991 Chestnut Ridge was located in an unincorporated part of the county, in a suburban residential zone allowing for moderately diverse uses (S-R 9600). In that year Schneider Homes submitted applications for a preliminary plat and a planned unit development to include 24 two-unit townhouses on about 12 acres of land.

"Planned Unit Development" is a generic term for a regulatory technique which allows a developer to be excused from otherwise applicable zoning regulations in

exchange for submitting to detailed, tailored regulations.[1] The technique is characterized by flexibility.[2] The type of PUD sought by Schneider Homes is known as cluster zoning, which retains use restrictions though it dispenses with other prestated requirements such as those for minimum lot size and setback limitations.[3] Other types include relief from use restrictions as well.

Schneider Homes needed a PUD permit for two reasons. First, the King County Code allows townhouses in the S-R zone only when located in a PUD. Second, Schneider Homes proposed a clustered development which failed to comply with the minimum lot size of the S-R 9600 zone. The proposed lots would range between 2,500 and 3,000 square feet, which is less than one third of the minimum 9,600 square feet required in the zone.

Schneider Homes submitted its subdivision and PUD permit applications in January, 1991. In November a citizens' group proposed that the City of Kent annex the area including Chestnut Ridge. Kent City Council accepted the proposed annexation in July, 1992, and the boundary review board approved it in March, 1993. Meanwhile King County processed Schneider Homes' subdivision and PUD applications, resolving school capacity issues and ultimately issuing a determination of nonsignificance under the State Environmental Policy Act. King County prepared to hold a public hearing in July, 1993, but upon learning that the Kent annexation had become effective on May 6, the County's personnel stopped work, withdrew the determination of nonsignificance, and transferred their files to Kent.

Schneider Homes then pursued its development plans with Kent. Under interim and final zoning ordinances adopted by Kent, the Chestnut Ridge area was zoned for single family residential development essentially similar

---

[1] RICHARD L. SETTLE, WASHINGTON LAND USE AND ENVIRONMENTAL LAW AND PRACTICE § 2.12(c) at 68-69 (1983).

[2] *See Lutz v. City of Longview*, 83 Wn.2d 566, 567, 520 P.2d 1374 (1974).

[3] SETTLE, WASHINGTON LAND USE AND ENVIRONMENTAL LAW AND PRACTICE § 2.12 at 68.

to the County's S-R zone, except neither townhouses nor PUDs are allowed. Schneider Homes requested Kent to amend its zoning ordinance to permit the proposed PUD, but Kent refused. Kent recognized that Schneider Homes had a vested right to have its subdivision application processed under the King County regulations in effect at the time they submitted the application. But without approval of the PUD, the lot layouts of Schneider Homes' subdivision application could not be approved under the King County Code; vesting solely with respect to the subdivision application was therefore of no use to the developer. Kent concluded "the design details of a PUD (which cannot be determined until the PUD is finally approved) are not vested," and refused to approve the PUD.

Schneider Homes sued the City of Kent, seeking an order that Kent process its application for preliminary approval of a planned unit development under the King County zoning regulations which were in effect when the application was submitted. It also sought damages for Kent's arbitrary and capricious conduct under 42 U.S.C. § 1983.

■■ Kent moved for summary judgment, arguing that Schneider Homes had no vested right with respect to its PUD application. Schneider Homes, responding, requested judgment in its favor.[4] The trial court granted summary judgment for Kent. Schneider Homes appeals from the dismissal of its claims. We review a summary judgment de novo.[5]

> "Vesting" refers generally to the notion that a land use application, under the proper conditions, will be considered only under the land use statutes and ordinances in effect at the time of the application's submission. . . . The purpose of vesting is to provide a measure of certainty to developers,

---

[4]*See Impecoven v. Department of Revenue*, 120 Wn.2d 357, 365, 841 P.2d 752 (1992) (when facts are not in dispute, court can order summary judgment in favor of the nonmoving party).

[5]*Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 226, 770 P.2d 182 (1989).

and to protect their expectations against fluctuating land use policy.[6]

The vesting doctrine is rooted in concepts of fundamental fairness and due process.[7] It was judicially created in the context of nondiscretionary permits, which a court could compel by a writ of mandamus when the application complied with regulations.[8]

In 1987 the Legislature codified the vested rights doctrine, in part, in RCW 58.17.033(1):

> A proposed division of land . . . shall be considered under the subdivision or short subdivision ordinance, and zoning or other land use control ordinances, in effect on the land at the time of a fully completed application for preliminary plat approval of the subdivision, or short plat approval of the short subdivision, has been submitted to the appropriate county, city, or town official.

Kent concedes that under this statute, Schneider Homes has a right to have its preliminary plat application decided under the ordinances in effect in King County in 1991. Kent denies that the right extends to Schneider Homes' PUD application. The issue we perceive to be pivotal is whether the completed application for a preliminary plat in 1991, which is inextricably linked to the PUD permit application and cannot go forward without it, also vested Schneider Homes with the right to have the PUD permit application considered under the 1991 King County Code.

■ The doctrine reflected in RCW 58.17.033 vests rights to develop, not merely divide the land. In *Noble Manor Co.*

---

[6]*Friends of the Law v. King County*, 123 Wn.2d 518, 522, 869 P.2d 1056 (1994) (citations omitted).

[7]*West Main Assocs. v. City of Bellevue*, 106 Wn.2d 47, 51-52, 720 P.2d 782 (1986).

[8]*See State ex rel. Ogden v. City of Bellevue*, 45 Wn.2d 492, 275 P.2d 899 (1954).

*v. Pierce County,*[9] a developer submitted a short plat application to divide one lot into three. The application expressly stated the developer intended to build three multifamily residences on the divided lots. The county accepted one building permit application, but refused to accept the developer's other two applications pending approval of the short subdivision. While the plat application was being considered, the county passed an ordinance increasing the minimum lot size for duplexes. The county then refused to accept Noble Manor's applications for building permits on the remaining two lots because they did not comply with the new interim zoning ordinances. Noble Manor sued the county. Reversing a summary judgment in favor of the county, this court held submission of a complete subdivision application vests the right to have not only the subdivision of the land, but also the development proposed for the subdivision, considered under the laws, ordinances and policies in effect at the time of the application.[10] The court relied on RCW 58.17.033 and prior case law.[11]

■ We find *Noble Manor,* and the authorities upon which it relies, dispositive. When Schneider Homes submitted its preliminary plat application, it became entitled to have not only that application, but also its companion PUD application, considered under the King County ordinances then in effect on the land.

Kent contends the subdivision application must nevertheless be rejected because at the time Schneider Homes submitted its application, the PUD was not "in effect on the land." It is true the design features proposed in the PUD application were not, and could not have been, in ef-

---

[9]*Noble Manor Co. v. Pierce County,* 81 Wn. App. 141, 913 P.2d 417, *review granted,* 129 Wn.2d 1026 (1996).

[10]*Noble Manor v. Pierce County,* 81 Wn. App. at 146.

[11]*See Adams v. Thurston County,* 70 Wn. App. 471, 475, 855 P.2d 284 (1993) ("Under Washington law, property development rights vest at the time a developer files a complete and legally sufficient building permit or preliminary plat application.").

fect; they had only been proposed. But King County's zoning ordinances, which were in effect on the land, allowed a developer to demonstrate to the hearing examiner that a proposed PUD complied with various land use controls such as the comprehensive plan, community plan policies, and the purpose of the zoning title. If the hearing examiner determined the plan did so comply, and the county council concurred, then the County became obligated to adopt an ordinance granting preliminary planned unit development.[12] Schneider Homes has a vested right to have its proposal considered under those criteria, and if they are met, to have analogous approval granted by Kent.

Kent also contends RCW 58.17.033 does not extend to a PUD application because a PUD is a floating zone, requiring a zoning amendment if the application is approved,[13] and the vested rights doctrine does not apply to applications requiring zoning amendments. Schneider Homes argues extensively that its proposed PUD is not the equivalent of a request for a rezone because it did not seek permission for uses or densities prohibited by the underlying zoning. We find it unnecessary to decide this issue. Whether or not the PUD as designed is the equivalent of a rezone, Schneider Homes does not claim that Kent is obligated to approve it outright. Schneider Homes claims only the right to have its applications considered under the King County ordinances which allow for clustered development in a PUD.

Kent relies on *Teed v. King County*[14] for the proposition that the vesting doctrine does not extend to applications requiring zoning amendments, or rezones. We do not find the holding in *Teed* applicable to this claim. In *Teed*, the

---

[12]KCC 21.56.030(A).

[13]*See Lutz v. City of Longview*, 83 Wn.2d 566, 520 P.2d 1374 (1974) (under Longview's zoning ordinances, city council must approve PUD, not planning commission); *Johnson v. City of Mount Vernon*, 37 Wn. App. 214, 679 P.2d 405 (1984) (a request for a PUD is treated as a request for a rezone); *Kenart & Assocs. v. Skagit County*, 37 Wn. App. 295, 298, 680 P.2d 439 (1984).

[14]*Teed v. King County*, 36 Wn. App. 635, 677 P.2d 179 (1984).

petitioners' land use was unlawful to begin with; they did not begin development of the land in reliance on then current land use ordinances, which is the historical context for applying the vested rights doctrine. And they sought a writ of mandamus ordering the municipality to rezone the land, not—as here—merely to process the application in accordance with established ordinances.

Because our disposition of the case is based on the statutory vesting provided by RCW 58.17.033, we do not address Kent's arguments against extension of the judicially created vesting doctrine.

■ Finally, we reject Kent's contention that vested rights do not survive annexation. Annexation superseded the King County ordinances, but Schneider Homes' right to have its applications considered under the 1991 King County ordinances is rooted not in the ordinances themselves, but in a statute, RCW 58.17.033. That right survives no matter which subdivision of the State has jurisdiction over the regulation of land use in Chestnut Ridge.

In summary, Schneider Homes' application for a permit to develop a PUD as proposed in connection with its application for a preliminary plat must be considered by Kent under the zoning and other land use control ordinances in effect on Chestnut Ridge on January 28, 1991. Kent has no more and no less discretion to grant or deny the applications than King County would have had if the land had not been annexed by Kent. Because the facts are uncontested, we reverse the trial court and grant summary judgment in favor of Schneider Homes on this issue. Issues pertaining to Schneider Homes' claim for liability and damages under 42 U.S.C. § 1983 are not before us in the present appeal.

Reversed and remanded.

AGID and ELLINGTON, JJ., concur.

After modification, further reconsideration denied October 21, 1997.

Review denied at 134 Wn.2d 1021 (1998).