943 P.2d 1378 (1997)
133 Wash.2d 269
NOBLE MANOR COMPANY, a Washington corporation, Respondent,
v.
PIERCE COUNTY, a municipal corporation, Petitioner.
No. 64053-0.
Supreme Court of Washington, En Banc.
Argued February 11, 1997.
Decided October 2, 1997.
*1379 John Ladenburg, Pierce County Prosecutor and Douglas W. Vanscoy, Deputy County Prosecutor, Tacoma, for Petitioner.
Demarest & Associates, Stephen H. Demarest, Friday Harbor, for Respondent.
*1380 Meeks, Morgan & Bauer, Thomas R. Bjorgen and Christopher W. Bawn, Olympia, Amicus Curiae on behalf of Washington Association of Prosecuting Attorneys.
Davis, Wright, Todd, Riese & Jones, John E. Keegan, Marco De Sa E Silva and Jeffrey B. Youmans, Seattle, Amicus Curiae on behalf Building Industry Association.
GUY, Justice.
Pierce County asks this Court to construe the meaning of the statute which extended the "vested rights doctrine" to applications for short subdivisions. We conclude that upon the submission of a complete application for a short subdivision, the applicant has the right to have that application, including both the request to divide and the request to develop the land, considered under the zoning and land use laws in effect on the date of the application. We affirm the Court of Appeals.

FACTS
In 1990, the Noble Manor Company, a Washington corporation (hereafter Developer) purchased approximately one acre of land adjacent to Bridgeport Way in Tacoma, intending to build duplexes. At that time, the property was zoned SR-9 which allowed duplexes to be built on lots with a minimum size of 13,500 square feet. The then-existing zoning code would therefore have allowed three duplex lots to be created out of the Developer's parcel. The Developer sought a rezone to allow four duplexes on the property. The Pierce County Hearing Examiner ruled that the applicant was allowed only three duplexes under the existing zoning and declined to grant a rezone to allow four duplexes. The Developer did not appeal this decision.
On August 2, 1990, the Developer filed an application for a short plat to divide the property into three lots to build three duplexes. The "Short Plat Preliminary Subdivision Review Application," which is a Pierce County form, and the "Pierce County Environmental Checklist" revealed that the Developer intended to build three multi family residential units on the three lots.
On August 15, 1990, the Developer attempted to file applications for building permits for the three duplexes, but the County would only accept one application. A County Planner's declaration states that two of the building permit applications were rejected because the County will not accept a building permit application unless a legally recognized lot exists, and the short plat to divide the property into three lots had not yet been approved.[1]
In October 1990, after the Developer had submitted the application for the short plat, but before it had been approved, the County adopted an interim ordinance which changed the minimum lot size for a duplex from 13,500 square feet to 20,000 square feet. The Developer's three lots were larger than 13,500 square feet but smaller than 20,000 square feet.
On July 2, 1991, the County approved the short plat for three lots. The face of the plat reflected an SR-9 zone and duplex building sites, and there were duplex addresses assigned to each site.
Several months later, when the Developer again submitted the other two applications for the building permits for the duplexes, the County refused to accept the applications based on the fact that the interim ordinance did not allow duplexes on lots smaller than 20,000 square feet.
Two weeks later the Developer returned to the County Planning Department and a counter technician issued all three building permits for the three duplexes. The County's counter technician stated that when she issued the building permits, she relied on the notification on the face of the approved short plat to the effect that these were proposed duplex sites.
*1381 On January 16, 1992, after substantial construction had occurred on the three duplexes, the County "red-tagged" two of the duplexes, stopping construction. The Developer appealed this stop-work order to the Pierce County Hearing Examiner. The Hearing Examiner reversed the County's order, lifted the stop-work order, and permitted the construction to continue.
The Developer completed work on the duplexes and sued the County for the delay damages caused by the stop-work order which was in effect for four months. The County moved for summary judgment, arguing that under RCW 58.17.033 (the short plat vesting statute) the Developer was vested for the right to divide its property but not vested for use or development under the zoning laws existing on the date of the application for the short plat. Counsel for the County told the trial court that if the Developer was vested to build the duplexes prior to the date of the interim zoning ordinance, then the County loses the case; if the Developer was not vested, then the Developer loses its case. The sole question before us is what rights vest at the time of an application for a short plat.
The Developer opposed the County's motion for summary judgment, contending that disputed facts existed which made summary judgment inappropriate but agreed that the court could decide as a matter of law what rights vest under RCW 58.17.033. The trial court considered the motions as cross motions for summary judgment on that issue.
The Superior Court granted summary judgment in favor of the County, concluding that the Legislature intended that an application for land division under RCW 58.17.033 only vested the right to divide the property.
The Court of Appeals reversed the grant of summary judgment and remanded for a determination whether the Developer was entitled to damages. The Court of Appeals held that the submission of a completed short plat application vests the right to develop the land under the regulations in effect at the time of the submission. Noble Manor Co. v. Pierce County, 81 Wash.App. 141, 913 P.2d 417, review granted, 129 Wash.2d 1026, 922 P.2d 98 (1996).

ISSUE
Does the filing of a complete application for a short subdivision vest only the right to divide the property, or does it also vest the right to develop the property under the land use and zoning laws in effect on the date of the application?

ANALYSIS
The County argues that the only right which vests at the time of a plat application is the right to divide the property into smaller lot sizes. The Developer argues that the right to divide land without the right to develop it as proposed in an application is a meaningless right and contends that it should be vested for the uses disclosed to the County in its application and considered by the County when approving the plat. The Developer acknowledges that it would only be vested for the matters that are considered in the short plat application process, not such issues as building code requirements.
The resolution of this case turns on the meaning of RCW 58.17.033, the statute codifying the "vested rights doctrine" as it applies to subdivisions and short subdivisions. In Washington, "vesting" refers generally to the notion that a land use application, under the proper conditions, will be considered only under the land use statutes and ordinances in effect at the time of the application's submission. Friends of the Law v. King County, 123 Wash.2d 518, 522, 869 P.2d 1056 (1994); Vashon Island Comm. for Self-Government v. Washington State Boundary Review Bd., 127 Wash.2d 759, 767-68, 903 P.2d 953 (1995).
At common law, this state's doctrine of vested rights entitled developers to have a land development proposal processed under the regulations in effect at the time a complete building permit application was filed. Erickson & Assocs., Inc. v. McLerran, 123 Wash.2d 864, 867-68, 872 P.2d 1090 (1994). The doctrine at common law was extended to a number of different types of permits, but it was never extended to applications for preliminary plat approval or short plat approval.[2] *1382 Friends, 123 Wash.2d at 522, 869 P.2d 1056 (citing Norco Constr., Inc. v. King County, 97 Wash.2d 680, 684, 649 P.2d 103 (1982)).
In 1987, the Legislature (1) codified the traditional common law vested rights doctrine regarding vesting upon application of building permits, and (2) enlarged the vesting doctrine to also apply to subdivision and short subdivision applications. Laws of 1987, ch. 104; see Friends, 123 Wash.2d at 522, 869 P.2d 1056. The two parts of that statute were codified at RCW 19.27.095 (in the state building code statute) and RCW 58.17.033 (in the plats and subdivision statute).
At the time of this case RCW 19.27.095[3] stated:
(1) A valid and fully complete building permit application for a structure, that is permitted under the zoning or other land use control ordinances in effect on the date of the application shall be considered under the building permit ordinance in effect at the time of application, and the zoning or other land use control ordinances in effect on the date of application.
(2) The requirements for a fully completed application shall be defined by local ordinance.
(3) The limitations imposed by this section shall not restrict conditions imposed under chapter 43.21C RCW.
RCW 58.17.033 states:
(1) A proposed division of land, as defined in RCW 58.17.020[[4]], shall be considered under the subdivision or short subdivision ordinance, and zoning or other land use control ordinances, in effect on the land at the time a fully completed application for preliminary plat approval of the subdivision, or short plat approval of the short subdivision, has been submitted to the appropriate county, city, or town official.
(2) The requirements for a fully completed application shall be defined by local ordinance.[[5]]
(3) The limitations imposed by this section shall not restrict conditions imposed under chapter 43.21C RCW.
The County agrees with the Developer that under RCW 58.17.033, its short plat application vested on the date of application, which was before the effective date of the interim ordinance changing the lot sizes for duplexes. However, the parties disagree about what rights vested on that date. The County argues that the only right which vested was the right to divide the property into smaller lots, and that no use or development rights vested under the regulations which were in effect on the date of the application. The County argues that use or development rights only vest under RCW 19.27.095 (upon the submission of a building permit), while only the right to divide property vests under RCW 58.17.033. The Developer argues that the language in RCW 58.17.033, that the proposed division be considered under the "zoning or other land use control ordinances in effect on the land," has no meaning under the County's interpretation. We agree with the position of the Developer which we find supported by the statute, the final bill report, another section of the statute, the Pierce County Code, recent case law, and the rationale underlying the vested rights doctrine.
The Final Legislative Report on the bill enacting RCW 58.17.033 states:
Background: Washington State has adhered to the current vested rights doctrine *1383 since the Supreme Court case of State ex rel. Ogden v. Bellevue, 45 Wash.2d 492, 275 P.2d 899 (1954). The doctrine provides that a party filing a timely and sufficiently complete building permit application obtains a vested right to have that application processed according to zoning, land use and building ordinances in effect at the time of the application. The doctrine is applicable if the permit application is sufficiently complete, complies with existing zoning ordinances and building codes, and is filed during the period the zoning ordinances under which the developer seeks to develop are in effect. If a developer complies with these requirements, a project cannot be obstructed by enacting new zoning ordinances or building codes. West Main Associates v. Bellevue, 106 Wash.2d 47, 720 P.2d 782 (1986).
The vesting of rights doctrine has not been applied to applications for preliminary or short plat approval.
Summary: The vested rights doctrine established by case law is made statutory, with the additional requirement that a permit application be fully completed for the doctrine to apply. The vesting of rights doctrine is extended to applications for preliminary or short plat approval. The requirements for a fully completed building permit application or preliminary or short plat application shall be defined by local ordinance.
Limitations contained in sections 1 and 2 shall not restrict conditions imposed under the State Environmental Protection Act.
FINAL LEGISLATIVE REPORT, 50th Legis., 1st Reg. Sess. 255 (1987) (emphasis added).
The purpose of the vested rights doctrine is to provide a measure of certainty to developers and to protect their expectations against fluctuating land use policy. Friends, 123 Wash.2d at 522, 869 P.2d 1056 (citing West Main Assocs. v. City of Bellevue, 106 Wash.2d 47, 51, 720 P.2d 782 (1986)).
We conclude that when the Legislature extended the vested rights doctrine to plat applications, it intended to give the party filing an application a vested right to have that application processed under the land use laws in effect at the time of the application. Therefore, if the County requires an applicant to apply for a use for the property in the subdivision application, and the applicant discloses the requested use, then the applicant has the right to have the application considered for that use under the laws existing on the date of the application. If all that the Legislature was vesting under the statute was the right to divide land into smaller parcels with no assurance that the land could be developed, no protection would be afforded to the landowner.
Another section of the subdivision statute also supports the Developer's position that the County is to consider more than just a division of property into smaller size lots when approving a plat application. RCW 58.17.195 provides:
No plat or short plat may be approved unless the city, town, or county makes a formal written finding of fact that the proposed subdivision or proposed short subdivision is in conformity with any applicable zoning ordinance or other land use controls which may exist.
A portion of the Pierce County Code[6] also supports the Developer's position. It appears it would be difficult for the County to comply with the requirements of its own code if it were not considering the particular use a developer seeks for the property.
The County relies on Erickson, 123 Wash.2d 864, 872 P.2d 1090, for the proposition that this Court should not extend the vested rights doctrine to subdivision applications. *1384 We disagree that Erickson supports the County's position. In Erickson, the issue was whether the vested rights doctrine applied to a completed Master Use Permit (MUP) application as it did to the filing of a building permit application. We refused to judicially extend the vested rights doctrine to a kind of permit application to which it had not been extended by statute or case law. We noted that the developer could at any time vest rights by filing a completed building permit application. However, the case has nothing to do with whether short or long subdivision applications serve to vest requested development because the Seattle ordinance at issue in Erickson specifically exempted short and long subdivision applications from the ordinance's provisions for setting vesting time for MUP applications. We noted that within the parameters of the doctrine established by statutory and case law, the city was free to develop vesting schemes best suited to a particular locality. Erickson, 123 Wash.2d at 873, 872 P.2d 1090. There was no case law or statutory authority to support extending the vested rights doctrine to MUP applications. This is in contrast to the present case where the Legislature has extended the doctrine to plat applications. The Erickson decision stands for the proposition that this Court will not extend the vested rights doctrine by judicial expansion. However, the Court of Appeals decision in the present case is based not on common law extension of the doctrine but on the legislative extension of the doctrine to subdivision applications in RCW 58.17.033.
We recognize there are important competing policy concerns regarding vested rights for land use. As we explained in Erickson, development interests protected by the vested rights doctrine come at a cost to the public interest because the practical effect of recognizing a vested right is to sanction the creation of a new nonconforming use. If a vested right is too easily granted, the public interest is subverted. Erickson, 123 Wash.2d at 873-74, 872 P.2d 1090. However, we also recognize developers' needs for certainty and fairness in planning their developments. In extending the common law vested rights doctrine to include short and long plat applications, the Legislature has made the policy decision that developers should be able to develop their property according to the laws in effect at the time they make completed application for subdivision or short subdivision of their property. We do not accept the County's argument that the only right that vests upon a subdivision application is to draw lines on a map to create smaller legal parcels of property. This would be an empty right and would conflict with the Legislature's intent to extend the protections of the vested rights doctrine to subdivision applications.
Our conclusion is consistent with prior case law from this Court and from the Court of Appeals. In Friends, 123 Wash.2d 518, 869 P.2d 1056, the zoning laws were changed between the time the developer filed the application for the subdivision and the time the subdivision approval was granted. The issue in the case involved whether the application had been a "fully completed application" so as to vest the more permissive zoning which had been in effect at the time of application. Friends, 123 Wash.2d at 523, 869 P.2d 1056. Finding the application was complete, we held that the developer's application did vest upon submission of the application. We relied on RCW 58.17.033 which extended the vested rights doctrine to plat applications. The County here tries to distinguish the Friends case on the basis that it involved a long subdivision rather than a short subdivision. However, RCW 58.17.033 creates the vested rights for both long and short subdivisions of land. The holding of this Court in the Friends case indicates that vesting for the requested subdivision includes the right to develop the land in accordance with the uses requested in the application and the zoning laws in effect at the time the plat application was submitted.
The County argues that the Friends case involved a formal subdivision whereas the present case involves a short subdivision, and that a formal subdivision has vested rights under RCW 58.17.170 (for five years) instead of under RCW 58.17.033. This is a misreading of the two sections of the subdivision statute.
*1385 RCW 58.17.170[7] was enacted in 1969 and it gave rights to a developer to use a subdivision lot in accord with the terms of approval of the final plat and the laws in effect on the date of final plat approval (not the date of subdivision application) for a period of five years from the date of approval. This section of the statute applies only to formal subdivisions and not to short subdivisions. This statute significantly predated the extension of the common law vested rights doctrine to include short and long plat applications.[8] In the Friends case, we looked to the vested rights provided under RCW 58.17.033, not to the older statute which now serves to divest rights if they are not exercised within five years of approval of a formal subdivision. The five-year divesting statute was irrelevant to this Court's inquiry in the Friends case because the zoning laws had changed between the time the developer applied for a plat and the time that plat was approved. Therefore, under RCW 58.17.170, no rights to use the lots would have vested since rights under that older statute only vest at the time of approval of the plat, not at the time of application. Contrary to the County's argument, our Friends opinion relies upon RCW 58.17.033, not on RCW 58.17.170.
The County also argues that short subdivisions, which involve a simpler application process, should not enjoy longer vested rights than long subdivisions which involve a more complex approval process. This is a matter for the Legislature to decide. The Legislature did not divest a short plat's vested rights after five years as it had previously done with formal subdivisions. It may be that since short plats only involve small development of a few lots that the divesting provision was deemed unnecessary because of the relatively minor impact such developments would have. It is within the power of the Legislature to pass legislation which divests a short plat's vested right after some reasonable amount of time. However, such a statute has not been enacted, and we decline to do so by statutory construction when the "divesting" statute only applies to formal subdivisions. See RCW 58.17.170.
Two Court of Appeals cases also lend support to the Developer's position. See Adams v. Thurston County, 70 Wash.App. 471, 855 P.2d 284 (1993); Friends of the Law v. King County, 63 Wash.App. 650, 821 P.2d 539 (1991), review denied, 119 Wash.2d 1006, 832 P.2d 488 (1992).
We conclude that it is not only the right to divide land which vests at the time of a short subdivision application, but also the right to develop or use property under the laws as they exist at the time of application. The issue then becomes what development rights vest at that time.
Two alternatives are possible. Either (1) all uses allowed by the zoning and land use laws on the date of the application for the short plat should be vested at the time of application, irrespective of the uses sought in an application; or (2) an applicant should have the right to have the uses disclosed in their application considered by the county or local government under the laws in existence at the time of the application. We conclude the second alternative comports with prior vesting law. In West Main, this Court stated that under the vested rights doctrine, "developers who file a timely and complete *1386 building permit application obtain a vested right to have their application processed according to the zoning and building ordinances in effect at the time of the application." West Main Assocs., Inc. v. City of Bellevue, 106 Wash.2d 47, 50-51, 720 P.2d 782 (1986) (emphasis added); see also Vashon Island, 127 Wash.2d at 767-68, 903 P.2d 953 (citing Friends, 123 Wash.2d at 522, 869 P.2d 1056 (a land use application will be considered under the laws in effect at the time of the application's submission)). Additionally, the purpose of the vesting doctrine is to protect the expectations of the developer against fluctuating land use laws. E.g., Friends, 123 Wash.2d at 522, 869 P.2d 1056; West Main, 106 Wash.2d at 51, 720 P.2d 782. The statute provides that the proposed division of land shall be considered under the zoning or other land use control ordinances in effect at the time of the application. RCW 58.17.033(1). Our construction of the statute makes "permit speculation" less probable. Short plats could not simply be frozen under existing zoning for any possible use without an application for a particular use. Since we conclude that what is vested is what is sought in the application for a short plat, then the question becomes what the Developer's application sought in this case.
The County argues that the Developer need not have disclosed its intended development of the property in its application for a short plat, as it does not consider any land use when application for subdivision is sought. Under RCW 58.17.033, the County has the duty to define by local ordinance the requirements for a fully completed application for a subdivision or a short subdivision of land. Here, the County failed to enact such an ordinance. In completing the County's application form, environmental checklist and any other forms required, the Developer did all it could do to meet the County's requirements.
The County makes conflicting representations with regard to whether the Developer revealed its intended development. However, the record reflects that the Developer did apply to divide its land into three lots to build duplexes. The Pierce County form entitled "Short Plat Preliminary Subdivision Review Application" filed by the Developer on August 2, 1990, indicates that the proposed subdivision was for three multifamily residential lots. The "Pierce County Environmental Checklist"[9] repeatedly requested disclosure of the proposed uses of the property, and the Developer repeatedly answered that the proposal was for the parcel to be subdivided into three duplex sites. A letter from the County indicated that the estimated sewer connection charge was based on the proposed use of three residential duplex sites. The County counter technician who issued the building permits for the three duplexes stated in her deposition that she relied on the notification on the face of the short plat to the effect that these were proposed duplex sites in making her determination to issue the duplex building permits. In a letter to her supervisor, she stated she checked the short plat before issuing the building permits. She stated that the face of the plat listed the zoning as an SR-9 zone with duplex building sites and with duplex addresses assigned to each site, so she issued the permits for duplexes. We conclude the Developer did clearly communicate its intended use to the County.

CONCLUSION
We therefore conclude the Developer had a right to have its application to divide its land into three lots and to build three duplexes decided under the laws in existence on August 2, 1990, the date the application was filed. Since the laws effective on that date did allow for three duplexes on the property, the Developer obtained a vested right to develop its land in accord with the application. Not all conceivable uses allowed by the laws in effect at the time of a short plat *1387 application are vested development rights of the applicant. However, when a developer makes an application for a specific use, then the applicant has a right to have that application considered under the zoning and land use laws existing at the time the completed plat application is submitted.
If a landowner requests only a division of land without any specified use revealed, then the county, city or town may consider the application to see if any legal use can be made of the land so divided, and no particular development rights would vest at that time. However, when an application is made for division of land for a specified use, then the applicant has the right to have that application for that use considered under the land use laws in effect on the date of the application.
We affirm the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.
DURHAM, C.J., and DOLLIVER, SMITH, JOHNSON, MADSEN and ALEXANDER, JJ., concur.
TALMADGE, Justice, concurring.
I agree with the majority's disposition of this case principally because Pierce County is collaterally estopped from preventing Noble Manor's construction in accordance with Pierce County's former zoning code by its failure to appeal from the decision of the Hearing Examiner lifting the "red-tag" on Noble Manor's property. The Hearing Examiner's now final decision allowing development of the property in accordance with Pierce County's former zoning ordinance in effect before the enactment of the interim zoning ordinance has preclusive effect. Shoemaker v. City of Bremerton, 109 Wash.2d 504, 745 P.2d 858 (1987).
Additionally, a careful reading of the applicable statute supports the majority's interpretation. RCW 58.17.033 provides:
(1) A proposed division of land, as defined in RCW 58.17.020, shall be considered under the subdivision or short subdivision ordinance, and zoning or other land use control ordinances, in effect on the land at the time a fully completed application for preliminary plat approval of the subdivision, or short plat approval of the short subdivision, has been submitted to the appropriate county, city, or town official.
(Emphasis added.) The final legislative report to SSB 5519, which became RCW 58.17.033, referenced West Main Assocs. v. City of Bellevue, 106 Wash.2d 47, 720 P.2d 782 (1986), our principal case on the vesting doctrine. There can be little question the Legislature knew it was creating vested rights when it enacted the statute.
Here, when Noble Manor applied for its short plat, the zoning ordinance in place permitted three duplex houses on lots of 13,500 square feet. Noble Manor was therefore entitled to build three duplex houses on its property, despite the subsequent change in zoning.
RCW 58.17.033 expands the vested rights doctrine, a rule already acknowledged to be a minority rule in the United States, West Main Assocs., 106 Wash.2d 47, 720 P.2d 782, and creates substantial public policy issues in land use law relating to the vesting of rights. In Erickson & Assocs., Inc. v. McLerran, 123 Wash.2d 864, 872 P.2d 1090 (1994), we declined to expand application of the vested rights doctrine to master use permits, stating at 873-74, 872 P.2d 1090:
Development interests and due process rights protected by the vested rights doctrine come at a cost to the public interest. The practical effect of recognizing a vested right is to sanction the creation of a new nonconforming use. A proposed development which does not conform to newly adopted laws is, by definition, inimical to the public interest embodied in those laws. If a vested right is too easily granted, the public interest is subverted.
The unlimited temporal scope of RCW 58.17.033 creates public policy concerns. Whereas subdivision approvals under RCW 58.17.170 last for only five years, no similar sunset provision for short plats appears in RCW 58.17.033. Absent such a sunset provision, *1388 RCW 58.17.033 vests Noble Manor's right to build four duplexes.[1]
However, a right to use land that vests in perpetuity may cause intractable planning problems. Polyglot development of small plats, creating a patchwork quilt of legal, non-conforming uses, is antithetical to sound land use planning. Moreover, the rules and procedures governing short plats exacerbate the problem. For instance, short plat approvals typically do not require public hearings. See, e.g., King County Code, ch. 19.26; Pierce County, Code ch. 16.12; Snohomish County Code, Title 20. Moreover, short plats, as minor land use decisions, are categorically exempt from threshold determinations and EIS requirements under the State Environmental Policy Act (SEPA). WAC 197-11-800(6)(a). On the other hand, if a party proceeds with a traditional subdivision of the property pursuant to RCW 58.17.070, a public hearing process is required and SEPA applies as well. Thus, RCW 58.17.033 creates a process without appropriate public involvement that will lead to a patchwork land use picture in communities across Washington.
These policy issues are for the Legislature to address, however, should it be so inclined. Elementary considerations of separation of powers, respect for the coordinate branches of government, and judicial restraint counsel against our disturbing legislation plain on its face, regardless of public policy misgivings we may have with the statute. In summary, the statute says what it says, and the Court must enforce its plain meaning. If the statute produces unintended or imprudent consequences, the Legislature must amend it.
SANDERS, Justice, concurring.
I concur in the result that this developer's short plat application vests the right to construct improvements as specified in the application. However, the majority goes beyond what is necessary to decide the case by suggesting, in dicta,[1] some uses not expressly identified in the application may not vest. I write separately to state it is imprudent to comment on an issue not necessary to decide the case, especially where neither party has briefed or raised it. See Peterson v. Hagan, 56 Wash.2d 48, 53, 351 P.2d 127 (1960) ("[G]eneral expressions in every opinion are to be confined to the facts then before the court and are to be limited in their relation to the case then decided and to the points actually involved."). Such dicta are not controlling precedent.[2]
Authority relied upon by the majority to resolve the narrow issue actually before the court supports vesting of more rights than simply the right to build improvements identified in the original application. For example the majority cites the final legislative report on the bill enacting RCW 58.17.033 which states that short subdivision rights should vest when the application is submitted because "[i]f a developer complies with these requirements, a project cannot be obstructed by enacting new zoning ordinances or building codes." Majority at 1383. This suggests zoning and building codes may vest as well, particularly when a change thereto frustrates the improvements allowed by area zoning in effect at the time the plat application was filed. Further, the majority notes the purpose of the vested rights doctrine is to protect a developer's expectations against fluctuating land use policy. Majority at 1383 (citing Friends of the Law v. King County, 123 Wash.2d 518, 522, 869 P.2d 1056 (1994)). Such purpose is also served by vesting the right to construct improvements according to the laws in existence at the time of the plat application. Limiting vesting protection to the right to make only those improvements *1389 referenced in the platting application could eviscerate a developer's normal expectation to build improvements thereon as allowed by area zoning laws in effect at the time of the subdivision application.
Thus, I agree the developer's right to build improvements as specified in the short plat application vests when a complete application is submitted; however, I would not rule out similar vesting where the application is silent. In fact, silence is the norm since land subdivision is available without regard to whether or not immediate improvements are even contemplated. The majority's ill-considered dicta are not controlling and questions not properly before us cannot and should not be determined in this manner.
NOTES
[1] Amicus Building Industry Association of Washington raises the issue whether the County illegally frustrated the Developer's rights to vest its project by refusing to accept all three building permit applications prior to the approval of the plat dividing the property into three legal lots. Appellate courts will not usually decide an issue raised only by amicus, and we decline to do so here. E.g., Coburn v. Seda, 101 Wash.2d 270, 279, 677 P.2d 173 (1984).
[2] A plat is a map of a subdivision and a short plat is a map of a short subdivision. RCW 58.17.020(2), (8).
[3] This statute was amended in 1991, but the amendments have no relevance to this case. Laws of 1991, ch. 281, § 27.
[4] RCW 58.17.020(1) defines "Subdivision" as "the division or redivision of land into five or more lots ... for the purpose of sale, lease, or transfer of ownership, except as provided in subsection (6)." Subsection (6) defines "Short subdivision" as "the division or redivision of land into four or fewer lots ... for the purpose of sale, lease, or transfer of ownership."
[5] At the time of this case. Pierce County had not enacted an ordinance defining the requirement for a fully completed application. However, the County concedes that the Developer's application was a fully completed application for the purposes of this statute on the date of its original submission.
[6] Pierce County Code § 16.12.050 states:

A. The County Engineer's Office may review a short plat for adequacy of access, storm water drainage facilities, public sewer system, survey accuracy, feasibility for building sites.
B. The Planning Department may review the proposed short plat for conformance with zoning laws, the comprehensive plan and subdivision code.
C. The Health Department may review the proposed short plat for adequacy of water supply, and septic tank conditions.
D. The Fire Marshal may review the proposed short plat for adequacy of the fire protection water system and access for fire fighting equipment.
[7] RCW 58.17.170 provides in relevant part:

When the ... county finds that the subdivision proposed for final plat approval conforms to all terms ... it shall ... execute its ... approval on the face of the plat. The ... final plat shall be filed for record.... Any lots in a final plat filed for record shall be a valid land use notwithstanding any change in zoning laws for a period of five years from the date of filing. A subdivision shall be governed by the terms of approval of the final plat, and the statutes, ordinances, and regulations in effect at the time of approval under RCW 58.17.150(1) and (3) for a period of five years after final plat approval unless the legislative body finds that a change in conditions creates a serious threat to the public health or safety in the subdivision.
[8] The Final Legislative Report for the bill which enacted RCW 58.17.033 noted that "[t]he vesting of rights doctrine has not been applied to applications for preliminary or short plat approval." FINAL LEGISLATIVE REPORT, 50th Legis., 1st Reg. Sess. 255 (1987). The Legislature did not consider RCW 58.17.170 to be an application of the vested rights doctrine because it did not vest any rights at the time of application, but only acted to divest rights which do not accrue under that statute until the time of approval of the subdivision.
[9] While these documents were the subject of a motion to strike by the County, that motion was apparently never decided by the trial court and the documents were considered by the trial court in the Developer's motion for reconsideration. The documents are included in the bound Clerk's Papers which were in the record at the Court of Appeals and before this Court. The Environmental Checklist which repeatedly states the Developer was applying to build three duplexes also appears to have been exhibit 10 below.
[1] The majority attempts to cure the statute's lack of a sunset provision by creating out of whole judicial cloth the following rule: the only rights that vest at the time of the short plat application under RCW 58.17.033 are the uses disclosed on the application. Majority op. at 1385-86. The statute does not say as much, and there is no compelling logic for implying such a rule. The applicant need say nothing at all in the application about the intended use of the property after the short plat is granted. It is not this Court's place to write laws for the Legislature.
[1] E.g., "Not all conceivable uses allowed by the laws in effect at the time of a short plat application are vested development rights of the applicant." Majority at 1386-87.
[2] State v. Potter, 68 Wash.App. 134, 150 n. 7, 842 P.2d 481 (1992).