FAIRHURST, C.J. (concurring)
¶ 26 I agree with the majority that the parole provision of RCW 9.94A.730 is an adequate remedy for a Miller[1] violation. Majority at 1183. In Miller, the United States Supreme Court built on its prior decisions in Roper[2] and Graham ,[3] concluding that " 'mandatory life-without-parole sentences for juveniles violate the Eighth Amendment.' " Majority at 1185 (quoting Miller, 567 U.S. at 470, 132 S.Ct. 2455 ); U.S. CONST. amend. VIII. I may be overstating the obvious, but Miller does not control the interpretation of article I, section 14 of our state *1190 constitution. See *602 State v. Bartholomew, 101 Wash.2d 631, 639, 683 P.2d 1079 (1984) (our interpretation of article I, section 14 "is not constrained to the Supreme Court's interpretation" of the Eighth Amendment); State v. Roberts, 142 Wn.2d 471, 506, 14 P.3d 713 (2001) (we have "repeated[ly] recogni[zed] that the Washington State Constitution's cruel punishment clause often provides greater protection than the Eighth Amendment"). And for that reason, I write separately to clarify the Fain[4] issue.
¶ 27 In his supplemental brief, Jai'Mar Eli Scott raised a new argument that Fain controls, and the Court of Appeals decision effectively overturned that case. First, the majority fails to acknowledge that "this court will generally not address arguments raised for the first time in a supplemental brief." Cummins v. Lewis County , 156 Wash.2d 844, 851, 133 P.3d 458 (2006). Instead, the majority distinguishes Fain. Majority at 1188-89. I would follow our general rule and refrain from addressing Scott's Fain argument entirely. As such, I agree with Justice Gordon McCloud that we have an "open question under Washington law" as to whether "the possibility of parole after 20 years rather than the certainty of a full resentencing" comports with article I, section 14. Concurrence at 1190. Justice Gordon McCloud proceeds to answer that "open question." I refrain from doing so because the argument is not properly before us.

State v. Duncan, 185 Wash.2d 430, 440, 374 P.3d 83 (2016) (citing Dragonslayer, Inc. v. Wash. State Gambling Comm'n, 139 Wash. App. 433, 442, 161 P.3d 428 (2007) (citing Noble Manor Co. v. Pierce County, 133 Wash.2d 269, 272 n.1, 943 P.2d 1378 (1997) ) ).

In re Pers. Restraint of McNeil, 181 Wash.2d 582, 588-89, 334 P.3d 548 (2014) (citing Laws of 2014, ch. 130, § 9(3)(b) ).

Id. at 589, 334 P.3d 548 ("Any juvenile offender who was given a mandatory sentence of life without the possibility of early release before the Miller fix became effective is automatically entitled to resentencing consistent with the new guidelines." (citing Laws of 2014, ch. 130, § 11(1) ) ).

188 Wash.2d at 19 & n.4, 391 P.3d 409.